**CITY OF CLEVELAND,**
**Plaintiff-Petitioner,**

v.

**Honorable Robert B. KRUPANSKY, United States District Judge for the Northern District of Ohio, Eastern Division and The Cleveland Electric Illuminating Company, Respondents.**

**No. 80–3146.**

United States Court of Appeals,
Sixth Circuit.

March 25, 1980.

Rehearing Denied May 6, 1980.

See also 6 Cir., 619 F.2d 576.

William B. Norris, Neil K. Evans, David C. Weiner, Deborah A. Coleman, Lee I. Fisher, Thomas E. Wagner, Director of Law, City of Cleveland, Cleveland, Ohio, for plaintiff-petitioner.

Robert B. Krupansky, Cleveland, Ohio, pro se.

John Lansdale, Squire, Sanders & Dempsey, Cleveland, Ohio, Alan D. Wright, Gen. Counsel, Donald H. Hauser, Gen. Atty., for Cleveland Elec. Illuminating Co.

Before WEICK, Circuit Judge and PHILLIPS and PECK, Senior Circuit Judges.

PER CURIAM.

This is a Petition for a Writ of Mandamus filed by the City of Cleveland (City) against Honorable Robert B. Krupansky, United States District Judge for Northern Ohio, Eastern Division (Judge), and The Cleveland Electric Illuminating Company (CEI), which relates to a complex antitrust action pending before the Judge since July 1, 1975, and known as *City of Cleveland v. The Cleveland Electric Illuminating Company,* Civil Action No. C75–560 and seeks an order from this court requiring the Judge "to cease his unlawful abuse of judicial power and to permit the City discovery in accordance with the Federal Rules of Civil Procedure."

The City owned and operated a Municipal Electric Light Plant and purchased electricity from CEI for sale to its customers. The antitrust action arose out of this relationship.

The City filed a motion in this court for a stay of all proceedings in the antitrust action pending the determination by this court of this mandamus petition.

The City filed a motion in the District Court seeking to require the Judge to disqualify himself.

The District Court in Northern Ohio is located in a large industrial area and has a congested docket. The Judge did not engage counsel to defend himself. Instead, he wrote a letter to our clerk dated March 3, 1980, a copy of this is appended hereto, marked Exhibit A, and made a part hereof. It should be noted therefrom that the Judge had previously continued the trial of this case to allow discovery on five occasions and assigned the case for trial on March 10, 1980. We are advised that the trial has now been continued a sixth time until March 24, 1980, to allow time for this court to rule on this mandamus petition. The Judge has also denied the motion to disqualify filed by the City.

The record contains the Memorandum and Order of the Judge entered February 18, 1980, which denied the City's Revised and Supplemental Application for "Limited Discovery" as corrected January 21, 1980. The word Limited was a misnomer because as pointed out by the Judge at this late date the proposed discovery "seeks answers by CEI to approximately 51 pages of what would appear to be detailed and highly complex interrogatories and, secondly, the production of a vast array of documentation, the mere description of which spans some 26 pages in length. In addition, the City requested permission to depose approximately 52 individuals, the majority of which were previously deposed in connection with the licensing proceeding before the Nuclear Regulatory Commission." CEI estimated that compliance with the limited discovery would entail an expenditure on its part of $300,000 exclusive of attorneys fees. In its February 18, 1980 Memorandum and Order, the Judge quoted language from his previous Memorandum and Order of January 23, 1976, as follows:

"It is conceded by all parties and apparent from the documentation presented that the City has since May 1972, continuously litigated before the Federal Power Commission what appears to be substantially identical issues charging CEI and other defendants in this action with violation of the Sherman and Clayton Antitrust Acts . . . It is equally apparent from the admissions of the parties and the exhibits herein that the City has engaged the defendants in extensive and exhaustive litigation of what appears to be substantially identical issues before the Nuclear Regulatory Commission for a period in excess of a year . . . Defendants Ohio Edison and Penn Power in a brief filed December 1, 1975, in support of their Motions for Summary Judgment disclosed that the parties in the Nuclear Regulatory Commission case, including the plaintiff, have engaged in extensive discovery involving 63 depositions, comprehensive interrogatories all involving antitrust charges. Requests for production of documents in regard thereto, have over the period of litigation resulted in production of 2.4 million pages of documents for the intervenors, including the plaintiff herein. This statement is not

refuted by the City. Moreover, plaintiff had the opportunity to and did engage in exhaustive discovery during the two and one-half plus years that it engaged CEI in litigation involving what appears to be the identical antitrust issues before this Court in the proceeding before the Federal Power Commission styled City of Cleveland v. Cleveland Electric Illuminating, FPC Documents No. E–7631, E–7633 and E–7713."

Memorandum Opinion of January 23, 1976, at pp. 13–14.

In its Memorandum and Order of February 14, 1976, the court further stated:

"This Court has continuously viewed discovery proceedings in the most liberal light, extending to the adversary parties broad access to information and documents necessary for preparation preliminary to trial. Within this context, the Court notes that this proceeding is not of the usual circumstances wherein adversary parties confront each other for the first time without full knowledge of the issues, relevant facts, and evidence necessary to plead and litigate their claims. On the contrary, the record reflects that the parties have for 3½ years, since at least 1972, engaged in continuous litigation of issues that appear to be identical to those now presented to the Court. As the Court noted in its January 23 Order, the parties have heretofore conducted extensive and exhaustive discovery proceedings in related actions before the Federal Power Commission and the Nuclear Regulatory Commission, involving, *inter alia*, some 63 depositions and production of 2.4 million pages of documents. Much of the information and documentation requested by plaintiff in these proceedings has already been produced, over a period of years, in these other actions.

While plaintiff has, in the instant proceedings, fairly inundated defendants with interrogatories, requests for production of documents, and requests for stipulations and admissions, it does not appear to respond with equal fervor or diligence to similar requests of defendants. Moreover, upon careful review of the interrog-atories and document requests of plaintiff, in light of defendants' objections to a number of these inquiries, it begins to appear that plaintiff's discovery efforts have not been conducted in absolute good faith. Rather, they manifest plaintiff's entrance upon a deliberate course of harassment and pursuit of dilatory tactics, calculated to overburden the defendants to this action and designed to frustrate the Court in providing the parties with a speedy trial."

\*    \*    \*    \*    \*    \*

"Counsel were clearly advised at the hearing on January 22 and in the Order of January 23 that the Court is resolute in its disapproval of dilatory tactics employed by counsel to effect continuance of trial. From this position, the Court does not waver."

Memorandum and Order of February 14, 1976, at pp. 7–9.

CEI filed a Memorandum in opposition to the City's Motion for a Stay attaching thereto Exhibits, a, b and c, which portrayed a History of Discovery in the case; the oral comments of the Judge and a letter from the District Court Clerk.

We understand that the City is contending that the decisions of the federal regulatory agencies, Federal Power Commission and Nuclear Regulatory Commission, are res adjudicata because of collateral estoppel of some of the issues in this case and that the parties have stipulated to the use of the depositions, exhibits and other evidence offered before said agencies.

In other words, the Judge is contending that the City has been allowed ample discovery over a period of years and it did not always avail itself of the opportunity to obtain discovery and used the device of asking for additional discovery as a ruse to obtain numerous continuances, delay the trial, harass the defendants and subject them to unconscionable expense; that the City has not shown the necessity for any additional discovery in order to warrant any further postponements of the trial. The City denies all of this but we cannot deter-

mine these issues in a mandamus proceeding. They can only be determined in a direct appeal from a judgment entered in the antitrust case.

The law applicable to this proceeding is well settled. The Supreme Court has held specifically that "[T]he remedy of mandamus is a drastic one, to be used only in extraordinary situations" (citing authority); that mandamus actions "have the unfortunate consequence of making the (district court) judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants (appearing) before him" in the underlying case; that in "an era of excessively crowded lower court dockets, it is in the interest of a fair and prompt administration of justice to discourage piecemeal litigation,"[1] that the "issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed" (citing authority). *Kerr v. United States District Court*, 426 U.S. 394, 402, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725; *Cf. Chemical and Industrial Corp. v. Druffel*, 301 F.2d 126 (6th Cir. 1962).

The District Court has broad discretion in handling pre-trial discovery matters and they are not reviewable in a mandamus action. *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226 (9th Cir. 1979).

Mandamus may not be used as a substitute for appeal. *Albert v. United States District Court*, 283 F.2d 61 (6th Cir. 1960).

In our opinion, this case does not present an extraordinary situation justifying the use of mandamus.

We are unable to find any abuse of discretion on the part of the Judge in his discovery orders entered in the antitrust case or in his order assigning the case for trial.

The motion to require the Judge to disqualify himself is not before us. In any event, it may not be reviewed by us in a mandamus proceeding. *Albert v. United States District Court, supra*. It may be reviewed upon appeal after the antitrust case has been decided. *Oliver v. Kalamazoo Board of Education*, 508 F.2d 178 (6th Cir. 1974), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1950, 44 L.Ed.2d 449 (1975).

The petition for a writ of mandamus is dismissed.

EXHIBIT A

March 3, 1980

Mr. John P. Hehman, Clerk
United States Court of Appeals
   for the Sixth Circuit
516 U.S. Post Office & Cthse. Bldg.
Cincinnati, Ohio 45202

Re: *City of Cleveland v. Cleveland Electric Illuminating Co.*, Civil Action No. C75–560 (Filed March 5, 1980)

Dear Mr. Hehman:

In response to the Motion of the City of Cleveland (City) to Stay District Court Proceedings Pending Disposition of Petitioner's Petition for a Writ of Mandamus, and the City's Petition for a Writ of Mandamus, it should be noted that on January 15, 1980, approximately one year after this trial court granted the City's essentially identical motion to pursue discovery, this Court scheduled this matter for trial to commence on March 10, 1980. Implementing its January 5, 1980 Order, the Court arranged its entire docket to accommodate the estimated eight weeks of trial time and summoned a panel of 200 prospective jurors with jury selection to commence on March 13. On five previous occasions, the Court, under similar

---

1. As an example of piecemeal appeals the City moved in the District Court to disqualify the law firm of Squire, Sanders and Dempsey from representing its long time client CEI in the antitrust case on the ground that the law firm had represented the City of municipal bond matters. The District Court denied the motion to disqualify in an opinion reported in *City of*

*Cleveland v. Cleveland Electric Illuminating Co.*, 440 F.Supp. 193 (N.D.O.1977). We affirmed in an unreported decision listed in 573 F.2d 1310 (6th Cir. 1977), *cert. denied*, 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978) as we discerned no conflict of interest. We also entered orders in the following: Nos. 77–3017 and 1310, No. 78–3223, No. 78–301.

circumstances, continued trial dates to accommodate the City. In each instance, the tactics of the City in avoiding a confirmed trial date were undertaken literally on the eve of trial after the Court and multiple defendants had committed the necessary time and effort to the administration of the trial to a final resolution.

The City's latest effort to avoid the March 10 trial date was initiated by its Motion for Limited Discovery filed on January 16, 1980, just one day subsequent to the announcement of the present trial date. The City's pending Motion to Pursue Limited Discovery is essentially the same motion that it filed with this Court on January 2, 1979, a mere 34 days before a February 5, 1979 trial date that had been announced by Court Order dated March 24, 1978. In each instance, subsequent to achieving its continuance, the City failed to pursue the discovery that it petitioned. The voluminous Orders of this Court memorializing its five previous requests for continuances reflect the Court's exhaustive effort to accommodate the City in seeking orderly resolution of its problems with a view toward final disposition of this action by trial.

The enclosed Order of January 27, 1979 reflects the evolution and disposition of the discovery undertaken in this matter and the continuances granted. This Court's Order of February 18, 1980 overruling the City's current application for additional discovery provides a summary of events and the City's failure to pursue discovery during the interim between January 27, 1979 and the present.

The City's demonstrated concerted effort over four and one half years to avoid trial of this cause predictably announced its latest motion to which novelty no longer attaches. The City has and continues its endeavor to involve the Court in perpetuating an emotional, politically controversial issue. The stay of proceedings should be denied as should the Petitioner's application for a Writ of Mandamus.

Correllary (sic) to the Petition for a Writ of Mandamus filed with the review-ing court, the City, on February 28, 1980 filed in the trial court a motion to disqualify the trial judge, which motion is presently under advisement. In conjunction therewith, on February 29, 1980, the trial court granted a stay of all proceedings pending its disposition of the disqualification motion.

Respectfully submitted,
/s/ ROBERT B. KRUPANSKY
Robert B. Krupansky,
United States District Judge
RBK/slm
encls.