787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA AND CYNTHIA A. FAZIO, REVENUE AGENT
OF THE INTERNAL REVENUE SERVICE, Plaintiffs-Appellees
v.
JAMES STEFANOPOULOS, Defendant-Appellant.
 85-3709
 United States Court of Appeals, Sixth Circuit.
 3/11/86
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: ENGEL, KENNEDY and CONTIE, Circuit Judges.
 
 
 1
 This matter is before the Court upon the appellant's motion to compel, and the appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 James Stefanopoulos is appealing the order of the district court requiring compliance with an Internal Revenue Service (IRS) summons. The Summons requested documents and testimony pertaining to taxable income for 1978 through 1983. The appellant's motion to compel requests that discovery of certain information in the possession of the IRS be permitted pursuant to the Freedom of Information Act. Additionally, the appellant requests the district court be made to reverse certain orders regarding discovery and jurisdiction.
 
 
 3
 The district court referred the petition to enforce to United States Magistrate J. Vincent Aug, Jr., pursuant to 28 U.S.C. Sec. 636(a) and (b). The appellant contested the magistrate's jurisdiction. The magistrate noted the appellant's objection to jurisdiction and found that the appellant had not shown cause why the summons should not be enforced; therefore, enforcement of the summons was recommended.
 
 
 4
 Instead of filing an objection to the magistrate's report and recommendation, the appellant made a motion to the district court for an evidentiary hearing and made a demand for discovery. The district court denied these motions, affirmed the jurisdiction of the magistrate, and adopted the report and recommendation of the magistrate. The court ordered enforcement of the summons. On appeal, the appellant contests the jurisdiction of the magistrate and contends that discovery should have been allowed. He also argues that an evidentiary hearing should have been held.
 
 
 5
 The appellant's motion to compel is frivolous. The assertion of 5 U.S.C. Sec. 552 is improper because jurisdiction for such an action is initially vested with the district court. See 5 U.S.C. Sec. 552(a)(4)(B). This issue was not brought before the district court.
 
 
 6
 Further, with respect to the district court's rulings, the appellant's motion is essentially a request for a writ of mandamus. He is requesting an order which would require the district court to reverse its orders regarding discovery and jurisdiction. The appellant's motion is clearly improper because a petition for writ of mandamus cannot be used as a substitute for appeal. City of Cleveland v. Krupansky, 619 F.2d 572 (6th Cir.) cert. denied 449 U.S. 834 (1980).
 
 
 7
 In addition, the appellant's challenge to the jurisdiction of the magistrate is without merit. Reference to the magistrate pursuant to 28 U.S.C. Sec. 636(a) and (b) was proper. The United States v. Southern Tanks, Inc., 619 F.2d 54 (10th Cir. 1980); United States v. Miller, 609 F.2d 336 (8th Cir. 1979).
 
 
 8
 The district court properly granted the petition for enforcement of the Internal Revenue Service summons. The affidavit set forth by the IRS agent was sufficient to make a prima facie case for enforcement. See United States v. Will, 671 F.2d 963 (6th Cir. 1982). Upon submission of the affidavit, the burden to show an abuse of process shifted to the appellant. Id at 966. Stefanopoulos did not carry this burden.
 
 
 9
 Finally, with regard to the discovery claim, the use of discovery devices in summons enforcement proceedings should be limited to those cases where the taxpayer makes a preliminary and substantial demonstration of abuse. United States v. Will, supra at 968. The appellant made no such showing in this case, and, therefore, the district court was warranted in denying his motion for discovery.
 
 
 10
 Accordingly, it is ORDERED that the motion to compel is denied and the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.