791 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TYRONE TILEPHUS REID, Plaintiff-Appellant
v.
WASHTENAW CIRCUIT COURT, JOAN SCHOOF AND DIANE POPEK, COURT
REPORTERS Defendants-Appellees.
 84-1632
 United States Court of Appeals, Sixth Circuit.
 4/9/86
 
 AFFIRMED AND REMANDED
 E.D.Mich.
 ORDER
 BEFORE: KEITH and MARTIN, Circuit Judges; WEICK, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's order dismissing the complaint. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a Michigan prisoner, filed this pro se civil rights action alleging that defendants, the Washtenaw Circuit Court and Judge Ross Campbell, deprived him of his right to appeal by failing to appoint appellate counsel, and court reporters Joan Schoof and Diane Popek violated his rights to appeal by failing to submit a trial transcript. The complaint requested declaratory and injunctive relief and damages. The court sua sponte dismissed the complaint against the Washtenaw Circuit Court and Judge Campbell as frivolous under 28 U.S.C. Sec. 1915(d). The court ordered that the court reporters, Schoof and Popek, be served with the complaint. The summoms was returned unexecuted as to defendant Schoof. Defendant Popek filed a motion to dismiss and for summary judgment on the grounds that she had submitted a trial transcript as requested and she was entitled to qualified immunity. Plaintiff filed a motion for default judgment against Popek and objections to Popek's motion for summary judgment. Plaintiff also served Popek with interrogatories and moved to compel discovery. Popek moved to stay discovery until the motion for summary judgment was decided. The district court denied plaintiff's motion for default judgment and granted Popek's motion for summary judgment on the grounds that Popek properly filed the requested transcript, was entitled to qualified immunity and her conduct did not affect plaintiff's right to appeal since he failed to file a timely notice of appeal. We affirm the judgment, but remand the case to effect service on defendant Schoof.
 
 
 3
 Plaintiff argues on appeal that the court improperly dismissed the complaint against Judge Campbell and the Washtenaw Circuit Court. The law is well-settled that damages are not available against judicial officers for their judicial acts, see Stump v. Sparkman, 435 U.S. 349 (1978); King v. Love, 766 F.2d 962 (6th Cir.), cert. denied, ---- U.S. ----, 106 S. Ct. 351 (1985); Sevier v. Turner, 742 F.2d 262 (6th Cir. 1984), and plaintiff concedes this issue on appeal. However, plaintiff argues that injunctive relief is available and therefore his complaint against these defendants should not have been dismissed as frivolous. Although judicial immunity does not bar prospective injunctive relief, see Pulliam v. Allen, 466 U.S. 522 (1984), the district court did not dismiss the injunction claim on the grounds of judicial immunity. Instead, the court found that the claim for injunctive relief was moot. Plaintiff alleged that Judge Campbell deprived him of his right to appeal by failing to appoint counsel in a timely fashion. However, counsel was appointed to pursue the direct appeal. He also requested that defendants be ordered to produce his trial transcripts. As the district court observed, this claim for relief must be directed to the court reporters, not the judge, who would be unable to provide the requested relief. Therefore, the district court properly dismissed the complaint against Judge Campbell and the court.
 
 
 4
 Plaintiff next argues that a default judgment should have been entered against defendant Popek because she failed to file an answer or otherwise plead within twenty days after service of the complaint as required under Fed. R. Civ. P. 12(a). Popek was served on February 15, 1984, and filed her motion to dismiss thirty days later on March 16, 1984. Popek's counsel claimed that the motion was untimely because the clerk's office had mistakenly informed her that the case had been dismissed. The decision to grant default judgment is within the discretion of the district court. Flaks v. Koegel, 504 F.2d 702 (2d Cir. 1974). Under the circumstances of this case, the district court did not abuse its discretion in declining to enter default judgment against Popek.
 
 
 5
 Similarly, discovery orders are within the court's discretion. City of Cleveland v. Krupansky, 619 F.2d 572 (6th Cir.), cert. denied, 449 U.S. 834 (1980). Plaintiff argues that the district court should have ordered Popek to answer interrogatories served while the motion to dismiss was pending. Popek moved to stay discovery until the motion was decided. The district court did not rule on either of these motions, but instead granted Popek's motion for summary judgment. The tendered interrogatories did not address the dispositive issue in the summary judgment motion, i.e., whether Popek had filed the transcript as requested. Under these circumstances, plaintiff did not suffer any prejudice from Popek's failure to answer theinterrogatories.
 
 
 6
 The court granted Popek's summary judgment motion on the grounds that Popek was under no obligation to furnish a transcript until requested, she in fact filed the transcript as requested, she acted in good faith performance of her duties, and the lack of a transcript did not prevent plaintiff from filing an appeal. The district court's judgment for Popek is correct on all of the grounds stated. The Washtenaw Circuit Court's March 31, 1983, order directed Popek to furnish a transcript if requested. Popek filed the sentencing transcript when requested by plaintiff's court-appointed attorney. By filing the transcript as requested, Popek was entitled to good faith immunity from damages liability under Section 1983. See Rheuark v. Shaw, 628 F.2d 297 (5th Cir. 1980) cert. denied, 450 U.S. 931 (1981); McLallen v. Henderson, 492 F.2d 1298 (8th Cir. 1974). The district court also correctly noted that plaintiff could have preserved his right to appeal merely by filing a timely notice of appeal. The absence of a transcript would not prevent a timely appeal being filed. Therefore, summary judgment was properly entered in Popek's favor.
 
 
 7
 Plaintiff's final issue is that defendant Schoof was not served with process. Under Fed. R. Civ. P. 4(c)(2)(B), the United States Marshal must serve summons and complaint on behalf of a party proceeding in forma pauperis under 28 U.S.C. Sec. 1915. See Davis v. Dept. of Corrections, 446 F.2d 644 (9th Cir. 1971). Plaintiff was proceeding in forma pauperis and made numerous requests that the complaint be served on Schoof. Instead, the service was returned unexecuted because Schoof was no longer employed at the address of service. Plaintiff submitted a 'motion to complete service of summons' that informed the court of Schoof's present address and requested the court to complete service on her. However, no further attempts at service were made despite plaintiff's requests. When the summons does not reach the party, additional summons should issue. See Hunt v. Broce Construction, Inc., 674 F.2d 834 (10th Cir. 1982); Lugo v. City of Charlotte, 577 F. Supp. 988 (W.D. N.C. 1984). The officers of the court had the duty to serve the summons and complaint for a plaintiff proceeding in forma pauperis and the suit should not be dismissed for failure of plaintiff to effect service. LeGrand v. Evan, 702 F.2d 415 (2d Cir. 1983). Therefore, the case must be remanded to effect service on Schoof.
 
 
 8
 Accordingly, it is ORDERED that the district court's judgment dismissing the complaint against Judge Campbell, the Washtenaw Circuit Court and Diane Popek is affirmed. Sixth Circuit Rule 9(d)(3). The case is remanded to effect service on Joan Schoof. Sixth Circuit Rule 9(d)(4).