**ONEIDA INDIAN NATION OF WISCONSIN, et al., Plaintiffs,**

v.

**The STATE of NEW YORK, et al., Defendants.**

**No. 79–CV–798.**

United States District Court, N.D. New York.

June 27, 1984.

Native American Rights Fund, Washington, D.C., for plaintiff Oneida Indian Nation of Wisconsin; Arlinda Locklear, Washington, D.C., Francis Skenadore, Oneida, Wis., of counsel.

Daan Braveman, Gary T. Kelder, Syracuse, N.Y., for plaintiff Oneida of the Thames Band.

Indian Law Resource Center, Washington, D.C., for plaintiff-intervenors, The Houdenosaunee and certain Constituent Nations; Curtis Berkey, Washington, D.C., of counsel.

Goodwin, Procter & Hoar, Boston, Mass., Hiscock, Lee, Rogers, Henley & Barclay, Syracuse, N.Y., Shearman & Sterling, Huber, Lawrence & Abell, New York City, Robert Abrams, Atty. Gen., State of New York, Albany, N.Y., for defendants; Allan van Gestel, Jeffrey C. Bates, Boston, Mass., Richard Hughes, Syracuse, N.Y., Arnold Bauman, David Marks, Howard Schmertz, New York City, David Roberts, Asst. Atty. Gen., Albany, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

The court has before it three motions by plaintiff Oneida of the Thames Band, each of which pertains to prior rulings of this court which must now be reconsidered in light of recent Court of Appeals decisions concerning the disqualification of the Thames Band's counsel, 732 F.2d 259 (2d Cir.1984); the production of documents, *id.;* and intervention by the Houdenosaunee, or Six Nation Iroquois Confederacy, and certain of its constituent nations. 732 F.2d 261 (2d Cir.1984), *petition for rehearing denied,* 732 F.2d 261 at 267 (2d Cir.1984).

Specifically, the Thames Band has moved (1) to vacate the court's Order, entered April 25, 1984, striking its first amended complaint, or in the alternative, to grant it leave to file the first amended complaint; (2) to vacate this court's Order, dated July 31, 1983, disqualifying the Indian Law Resource Center from representing the Oneida of the Thames Band; and (3) for an order directing former counsel for the Thames Band to deliver to it all files and documents relating to her former representation.

I.

A thorough review of the background of these matters is far too herculean a task for present purposes; the following summary of pertinent rulings issued since the initial remand of this case in October of 1982, *see Oneida Indian Nation of New York v. State of New York,* 691 F.2d 1070, will suffice to place these motions in context.

In a *Memorandum-Decision* dated August 1, 1983, this court disqualified attorney Robert T. Coulter of the Indian Law Resource Center from representing plaintiff Oneida of the Thames Band on the ground of adversity of interest between the

Thames Band and attorney Coulter's other client, the Houdenosaunee, which was then planning to intervene as a plaintiff in this case. The court also, in that decision, denied without prejudice the Thames Band's motion to compel its former counsel, Arlinda Locklear, to deliver materials generated during the period that she had jointly represented the Thames Band and the Oneida Indian Nation of Wisconsin.

The Houdenosaunee and some of its constituent nations subsequently moved to intervene, which motion was denied by this court in a decision entered October 11, 1983, 102 F.R.D. 445.

The Court of Appeals, reviewing the disqualification/material production rulings of August 1, found it significant that the Thames Band had subsequently sought to amend its complaint, and therefore remanded both issues to this court for reconsideration, "because of the distinct possibility that the amended complaint, if allowed, will moot the entire controversy" by eliminating the adversity between the positions of the Thames Band and the Houdenosaunee. 732 F.2d at 261 (2d Cir.1984).

However, in a ruling from the bench on March 27, this court granted defendants' motion to strike the Thames Band's amended complaint, primarily on the grounds that the Thames Band was neither the "real party in interest," Fed.R.Civ.P. 17, nor had standing to assert the claims of Houdenosaunee title to the subject lands that were added by the amended complaint. *Order entered* April 25, 1984.

On April 5, the Court of Appeals reversed this court's denial of the Houdenosaunee's motion to intervene, and held that it was entitled to intervene as of right. 732 F.2d 261, (2d Cir.1984) *petition for rehearing denied*, 732 F.2d 261 at 267 (2d Cir. 1984).

Shortly thereafter, the court conducted a prehearing conference, which resulted in an Order directing, *inter alia* that the parties prepare for an evidentiary hearing on the remanded motion to dismiss, which hearing would commence on September 12, 1984 in Syracuse, New York. *Supplemen-tary Prehearing Order*, dated May 8, 1984. The Order also provided a schedule for the filing of motions that required resolution prior to the evidentiary hearing. *Id.* ¶ 16. The instant motions are among those.

## II.

The Thames Band's first motion is to vacate the court's Order, entered April 25, 1984, striking its first amended complaint, or in the alternative, to grant it leave to file the first amended complaint. In support of its motion, the Thames Band stresses that, at the time of the prior ruling, the court's major concern was that the amended complaint would add new issues not otherwise in the case; but that the Second Circuit's decision permitting the Houdenosaunee to intervene and introduce those new issues now removes that rationale.

Clearly, the prospect of introducing new complex issues into the lawsuit was *a* major—though perhaps not *the* major—factor in initially striking the amended complaint. As the court observed from the bench after discussing the real party-in-interest and standing issues; the amended complaint "would circumvent the court's previous decision denying the Houdenosaunee motion to intervene," by introducing into the action "new and extensive area of disputed law and fact [that promise] to render this suit intolerably complex and possibly interminable." *Transcript* at 9. The Thames Band is certainly correct in contending that the Houdenosaunee intervention removes that rationale.

It is more questionable, however, whether the Houdenosaunee intervention also removes the problems perceived with respect to the Thames Band's interest in and standing to assert the new allegations in its amended complaint. *See Transcript* 3–9. But while the court's concerns persist, they now appear overshadowed by the Houdenosaunee intervention. Both Rule 17 and the standing doctrine are designed to insure sufficient interest and adversity for an authoritative judicial resolution of a dispute. The Houdenosaunee intervention undenia-

bly supplies that interest and adversity. There seems to no longer be any substantial justification for restraining the Thames Band from aligning in the manner it sees fit.

The 12 county defendants advance three arguments in opposition to the filing of the amended complaint, none of which the court finds persuasive. First, they point out that the amended complaint would assert two contradictory theories: (1) that the Thames Band's interest derives from its status as a successor to the Oneida Indian Nation, which owned the subject land; (2) that the Thames Band's interest derives from its status as a constituent nation of the Houdenosaunee, which owned the subject land. These defendants contend that the Thames Band "cannot have it both ways."

Rule 8(e) Fed.R.Civ.P. expressly permits a party to plead "two or more statements of a claim or defense alternately," and to "state as many separate claims or defenses as he has regardless of consistency." There is therefore nothing improper about the contradiction between the two theories asserted by the amended complaint.

■ Second, the 12 counties argue that the Thames Band is barred from asserting any right under the Houdenosaunee title by the doctrine of "judicial estoppel" which, as stated in *Scarano v. Central R. Co. of New Jersey*, 203 F.2d 510 (3d Cir. 1953) provides that

> A plaintiff who has obtained relief from an adversary by asserting and offering proof to support one position may not be heard later in the same court to contradict himself in an effort to establish against the same adversary a second claim inconsistent with his earlier contention. Such use of inconsistent positions would most flagrantly exemplify that playing 'fast and loose with the courts' which has been emphasized as an evil the courts will not tolerate.

*See also, Roth v. McAllister Bros. Inc.,* 316 F.2d 143 (2d Cir.1963).

■ According to the 12 counties, the Thames Band has run afoul of the doctrine of judicial estoppel because, in another tribal land claim in this district, *Oneida Indian Nation of New York v. County of Oneida,* 70–CV–35 (Port, D.J.) the Thames Band prevailed on its claim that the subject land was reserved for the Oneida Indian Nation at the time of the challenged 1788 conveyance to the State of New York, *see* 434 F.Supp. 527 at 533 (N.D.N.Y.1977), and that such conveyance is the same transaction that is the principal subject matter in this case. The judgment for the plaintiffs in *County of Oneida v. Oneida Indian Nation* will be reviewed by the Supreme Court next term. — U.S. ——, 104 S.Ct. 1590, 80 L.Ed.2d 123 (1984). As the 12 counties argue:

> So long as the Oneida of the Thames Band insists upon maintaining a position before the Supreme Court of the United States which is predicated upon ownership of the land in question resting in the Oneida Nation as opposed to the Houdenosaunee, any effort by it here to assert a contradictory position is clearly an affront to judicial dignity.

*Opposition of 12 Counties* at 5.

In the court's view, the contradiction between the Thames Band's claim in *County of Oneida* and their alternate claim here does not present the type of egregious claim switching that warrants invoking the judicial estoppel doctrine. That doctrine is more appropriately invoked in circumstances where a litigant would reap a double benefit from switching claims. In *Scarano, supra,* for instance, an employee suing for reinstatement was equitably estopped from contending that he was physically able to work since he had previously alleged in an FELA action against the same employer that he was unable to work, and had obtained a substantial judgment for the loss of future earning potential. The instant case, however, is not one in which the Thames Band, having succeeded on one theory, is now attempting to reap a double benefit by asserting its antithesis. Instead, the Thames Band is simply asserting the same theory it had previously asserted,

plus an alternate theory. This is not, in the court's estimation, a "cynical abuse" of the liberal federal pleading rules. *See* 5 Wright & Miller, *Federal Practice & Procedure* § 1283 at 377–78 (1969 ed.).

■ Finally, the 12 counties argue that the amended complaint must be rejected because it will necessitate renotifying the defendant class, which the Thames Band has indicated it is unwilling to do.

This concern is not a persuasive basis for rejecting the filing of the amended complaint. Certainly, the court has discretion to prescribe appropriate notice to the class, which was certified pursuant to Rule 23(b)(1)(B). *Oneida Indian Nation of Wisconsin v. State of New York*, 85 F.R.D. 701, 706 (N.D.N.Y.1980). The need for additional notice is a matter that has been deferred until after the forthcoming evidentiary hearing. *Supplementary Prehearing Order* ¶ (7). The defendants' anticipation that the Thames Band will fail to comply with a future order of the court with respect to notice does not, however, reflect upon the propriety of the underlying amendment of their pleading.

Accordingly, the court will grant the Thames Band leave to file its amended complaint, though defendants' need to answer the new allegations will be stayed, as set forth in the decretal paragraph, *post*.

### III.

■ The Thames Band has also moved to vacate this court's Order of July 31, 1983, which disqualified Robert T. Coulter of the Indian Law Resource Center as its attorney on the ground of adversity of interest between the Thames Band and the Houdenosaunee, also represented by Coulter. At that time, the Thames Band was proceed-

ing on the basis of a complaint in which it claimed an interest in the subject land that derived from the ownership interest of the original Oneida Indian Nation of New York; the Houdenosaunee, by contrast, was seeking to intervene to assert the claim that the subject land has always belonged to it and was never the separate property of the Oneidas apart from the Six Nation Confederacy. In view of the pleadings, the court found joint representation by one counsel to be unacceptable, since "vigorous representation of either client would inevitably be at the expense of the other." *Memorandum Decision and Order* at 4.

As noted previously, that Order was reviewed and remanded by the Court of Appeals, which explained:

... the Thames Oneida, represented by new counsel, at least on an interim basis, have submitted to the District Court an amended complaint, which they allege eliminates the claimed adversity between the positions of the Thames Oneida and the Houdenosaunee. Whether the District Court will grant leave to amend the complaint remains to be determined.

. . . .

Because of the distinct possibility that the amended complaint, if allowed, will moot the entire controversy as to whether attorney Coulter may represent the Thames Oneida ... we conclude that the appropriate disposition of this appeal is a remand.... 732 F.2d at 260–61.

This court has now decided to permit the filing of the amended complaint proposed by the Thames Band.[1] Section II, *ante*. A review of that pleading, however, reveals that while the Thames Band has added a claim that it has in common with the Houd-

---

**1.** The amended complaint would add a new cause of action pursuant to 42 U.S.C. § 1983. In its decision permitting the Houdenosaunee to intervene, the Court of Appeals instructed that:

Unless otherwise authorized by the district court, intervention should not enlarge the bounds of the land sought to be recovered. Nor need the intervenors be allowed to encumber the litigation with their proposed claims for waste, for violation of 42 U.S.C.

§ 1983, and breach of fiduciary duty, not pleaded by the Oneidas. 732 F.2d at 263 n. 2. Although the parties have not addressed this issue, it is arguable that these instructions would apply will equal force to the addition of such claims by amended complaint. The court defers resolution of this question until after the evidentiary hearing, so that it may be addressed along with any similar motion directed toward the complaint-in-intervention.

enosaunee, it has not eliminated its claim that is adverse to the claim of the Houdenosaunee. *Compare Amended Complaint* ¶ 5 with ¶ 6. Hence, the Thames Band now claims, in substance, that (1) its interest derives from the Houdenosaunee ownership of the subject land; but that if it is determined that the Houdenosaunee did not own the land, then (2) its interest derives from the Oneida ownership of the subject land. As the Oneidas of Wisconsin argue, in opposition to the instant motion:

> It will be difficult at best for independent counsel to adequately represent [the Thames Band's] interest on two conflicting claims. It will be impossible for counsel representing the [Houdenosaunee], which opposes one of those two claims, to represent the Thames Band on both those claims. *Memorandum of Oneida Indian Nation* at 3.

A hypothetical posed to counsel for the Thames Band during oral argument on this motion illustrates the conflict that a joint counsel could encounter, given the current pleadings. Counsel was asked, in words or substance:

> Assume, hypothetically, that at the trial level the Houdenosaunee claim is dismissed, and the Oneida plaintiffs prevail on the theory that they have an interest in the land as successors to the Oneida Indian Nation, which was the original owner. Wouldn't a joint counsel for the Thames Band and the Houdenosaunee be in a position of both prosecuting and opposing an appeal of that decision.

In response, counsel indicated that, inasmuch as the Thames Band now considers itself aligned in interest with the Houdenosaunee, it would probably permit its counsel to pursue an appeal on behalf of the Houdenosaunee, even though such appeal would place its recovery on the theory of Oneida ownership at risk. He also opined that, if the Thames Band decided to protect its recovery from the jeopardy posed by a Houdenosaunee appeal, it could at that juncture retain independent counsel.

Rather than reassuring the court that any conflict of interest under such circumstances would be insignificant, this colloquy confirmed the court's view that joint representation is unacceptable. Although the Thames Band certainly could, if it so chose, pursue a potential recovery through the Houdenosaunee rather than defend an adjudicated recovery through the Oneidas, independent advice on such matters would be crucial. As this court stated in its Order of July 31, 1983:

> The issue here ... is not whether the Oneida of the Thames Band may realign with the Houdenosaunee; rather, it is whether an attorney with other loyalties may preside over the realignment. *Memorandum-Decision and Order* at 5.

The Thames Band also argues that there is no necessary inconsistency between its claim of an interest through the Houdenosaunee and its alternative claim of an interest derived from the Oneida Indian Nation; it maintains that "the two claims can be reconciled since the claim of the Houdenosaunee includes the interest of the Oneida Nation." *Memorandum of Thames Band* at 5. The argument is completely unpersuasive. First, it assumes the very issue in dispute; i.e., that the Oneidas' interest in the land arises only by virtue of its membership in the Six Nation Iroquois Confederacy. If that is, in fact, the "alternative claim" that the Thames Band is asserting, there is nothing "alternative" about it; it is indistinguishable from its claim through the Houdenosaunee.

However, it is quite clear, as counsel for the Thames Band acknowledged at oral argument, that there *is* a fundamental distinction for the Thames Band between a recovery through the Oneidas, and a recovery through the Houdenosaunee. The difference touches many aspects of this case, from the proof that would be required to establish these respective claims, to the manner in which a recovery would be distributed.

Indeed, the Court of Appeals recognized as much in its decision permitting the Houdenosaunee to intervene as of right. In response to an argument by those opposing intervention that the interests of the

Houdenosaunee would be adequately represented by the existing plaintiffs, at least in part, the Court countered:

> Moreover, we do not agree that the existing plaintiffs represent adequately the interests of the proposed intervenors, even as to the first aspect of the intervenors' complaint.... *In this case, the intervenors and the existing plaintiffs are conflicting claimants to the same land.* This alone precludes representation of the intervenors' interests by the plaintiffs. 732 F.2d at 266 (emphasis added).

As stated at the outset of this discussion, the Thames Band has, in its amended complaint, added a claim that is in complete harmony with the claim of the Houdenosaunee; but it has not eliminated its prior claim of an interest derived from the Oneida Indian Nation. Thus the Thames Band and the Houdenosaunee are still, on the basis of their pleadings, conflicting claimants to the same lands. Under such circumstances, the court cannot permit joint representation of both parties by one counsel, without jeopardizing the integrity of the final judgment in this case.

The Thames Band's motion to vacate that portion of this court's Order of July 31, 1983, which disqualified Robert T. Coulter from representing the Thames Band is therefore denied.

### IV.

In its third and final motion, the Thames Band seeks an order directing its former counsel, Arlinda Locklear, to deliver to it all files and documents relating to her former representation. The movant contends that Locklear is under an absolute duty, under principles of professional responsibility, to return all material relating to her former client that was generated during the period that she had jointly represented the Thames Band and the Oneida Indian Nation of Wisconsin; that she is not permitted, now that that joint representation has ended, to favor the interests of her current client, the Oneida Indian Nation of Wisconsin, over those of her former client,

the Thames Band. In opposition to the motion, the Oneida Indian Nation of Wisconsin acknowledges a continuing duty of its counsel to her former client but contends that, due to the joint representation of the Thames Band and the Houdenosaunee—or rather, efforts to proceed through joint representation—attorney Locklear cannot turn over material to the Thames Band's counsel without violating the confidences, and prejudicing the case of her current client since material would then be available for use by the Houdenosaunee in its adverse claim to the subject land.

Since the initial argument on this motion, the court has been informed that the majority of the materials in question have been turned over by Locklear to the counsel for the Thames Band, and that efforts have been made, albeit unsuccessfully so far, to arrange for the production of the remainder of the materials. Nevertheless, a dispute on this issue persists, and requires a ruling.

At oral argument on this motion, attorney Locklear indicated that in the event attorney Coulter became permanently disqualified from representing the Thames Band in this action, she would agree to produce the materials in question for the Thames Band. Since this court has, for the reasons set forth in section III, *ante*, disqualified attorney Coulter from representing the Thames Band in this action, it will direct attorney Locklear to produce the materials in question to the Thames Band's independent counsel without engaging in any analysis of the competing professional responsibility principles at stake.

At oral argument, the possibility was raised that the Thames Band might appeal, and conceivably obtain a reversal of the disqualification order, in which case the Wisconsin Oneidas' concerns about confidential material being prematurely revealed to the Houdenosaunee would be realized.

Although the court indicated at oral argument that it would stay any production order until any appeal of the disqualification order is resolved, in light of the fact

that the date of the evidentiary hearing is rapidly approaching, and in light of the fact that the Houdenosaunee will, at some near date, likely be able to obtain this same material through discovery, the court will modify the oral indication of what its ruling would be in the following respect: attorney Locklear will be directed to turn the material in question over to the current, independent counsel for the Thames Band; such counsel will be directed to refrain from disclosing such materials to counsel for the Houdenosaunee until such time as the Houdenosaunee properly obtains the material through discovery or until further order of this court. This ruling should promote the twin objectives of enabling the Thames Band to utilize the material in its preparation for the forthcoming evidentiary hearing and protecting the Wisconsin Oneidas from premature disclosure of the materials to the Houdenosaunee.

It is, therefore,

ORDERED, that

(1) The Thames Band is granted leave to file its first amended complaint (without prejudice to defendants' right to move, after the evidentiary hearing, to strike the claim for violation of 42 U.S.C. § 1983. *Amended Complaint* ¶ 71). Defendants' currently pending motions to dismiss shall be deemed directed toward the amended complaint insofar as applicable, and defendants' time to answer or move with respect to the new allegations in the amended complaint is stayed until after the evidentiary hearing is concluded and a decision on the pending motions to dismiss is rendered; and

(2) The Thames Band's motion to vacate this court's Order dated July 31, 1983, disqualifying the Indian Law Resource Center from representing the Oneida of the Thames Band is denied; and

(3) Oneida Indian Nation of Wisconsin attorney Arlinda Locklear is directed to turn over to Thames Band's attorneys Braveman and Kelder the remaining materials heretofore sought by the Thames Band developed under her auspices during the period in which she jointly represented the Oneida Indian Nation of Wisconsin and the Thames Band. Attorneys Braveman and Kelder are directed to not disclose such materials to counsel for the Houdenosaunee, except as necessarily produced in good faith in the course of discovery, until further order of this court.

SO ORDERED.