**ONEIDA OF the THAMES BAND, Plaintiff-Appellant,**

**Oneida Indian Nation of Wisconsin, Plaintiff-Appellee,**

**The Houdenosaunee, et al., Plaintiffs-Intervenors-Appellees,**

**v.**

**STATE OF NEW YORK, et al., Defendants-Appellees.**

**Docket 84–7642, No. 629.**

United States Court of Appeals, Second Circuit.

Argued Jan. 28, 1985.

Decided March 5, 1985.

---

Robert T. Coulter, Washington, D.C. (Curtis G. Berkey, Indian Law Resource Center, Washington, D.C., Gary Kelder, Daan Braveman, Syracuse University College of Law, Syracuse, N.Y., on brief), for plaintiff-appellant.

Allan van Gestel, Boston, Mass. (Jeffrey C. Bates, Christopher S. Dalton, Goodwin, Procter & Hoar, Boston, Mass., on brief), for defendants-appellees Twelve New York Counties and Ryan.

Arlinda Locklear, Washington, D.C. (Richard Dauphinais, Native American Rights Fund, Washington, D.C., Francis Skenandore, Oneida Tribal Law Office, Oneida, Wisc., on brief), for plaintiff-appellee Oneida Indian Nation of Wisconsin.

Curtis G. Berkey, Robert T. Coulter, Indian Law Resource Center, Washington, D.C., filed a brief, for plaintiff-intervenors-appellees the Houdenosaunee and the Constituent Nations.

Before NEWMAN, KEARSE and PRATT, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

Perhaps in an effort to demonstrate a Parkinson's Law of litigation—an old dispute does not fade away, it breeds pretrial appeals—the parties to this suit involving Indian land claims dating back to 1785 and beyond are before our Court for the fourth time in advance of trial. The immediate issue concerns an order of the District Court for the Northern District of New York (Neal P. McCurn, Judge) granting the motion of plaintiff Oneida Indian Nation of Wisconsin to disqualify counsel for intervenor the Houdenosaunee, a confederation of Indian nations, from representing plaintiff Oneida of the Thames Band. For reasons that follow, we remand.

The nature of the underlying litigation is set forth in our first encounter with the lawsuit, *Oneida Indian Nation of New York v. New York*, 691 F.2d 1070 (2d Cir. 1982), in which we reversed a judgment dismissing the suit, 520 F.Supp. 1278, and remanded for further proceedings. The reinstated claims assert rights to five million acres of land in upstate New York that the Wisconsin Oneida and the Thames Band allege were unlawfully conveyed by treaties to New York State in violation of the Articles of Confederation. After remand to the District Court, Judge McCurn entered an order disqualifying Robert T. Coulter, Esq. from acting as counsel for the Thames Band on the ground that the interests of the Thames Band were adverse to those of the Houdenosaunee, whom Coulter also represented. At that point the Houdenosaunee was an applicant for intervention. On the appeal of that ruling, interim counsel for the Thames Band informed us that they planned to seek leave to file an amended complaint and that the new complaint would eliminate the claimed conflict. We therefore remanded the mat-

ter to Judge McCurn to consider the proposed amended complaint and, if leave to file it was granted, to reconsider Coulter's joint representation of the Thames Band and the Houdenosaunee in light of the amendment. *Oneida Indian Nation of Wisconsin v. New York,* 732 F.2d 259 (2d Cir.1984). Thereafter, we adjudicated the appeal of the Houdenosaunee from the denial of its motion to intervene, 102 F.R.D. 445, and ruled that it was entitled to intervene as of right. *Oneida Indian Nation of Wisconsin v. New York,* 732 F.2d 261 (2d Cir.1984).

Upon remand to the District Court, Judge McCurn granted the motion of the Thames Band to file its amended complaint but adhered to his prior ruling disqualifying Coulter from representing the Thames Band.[1] 102 F.R.D. 450. The District Judge acknowledged that paragraph 5 of the amended complaint added a new allegation that aligned the Thames Band with the Houdenosaunee. In that paragraph the Thames Band asserts "an interest in the subject land which arises under the claim of title of the Houdenosaunee and the Oneida Nation, a constituent nation of the Houdenosaunee." However, Judge McCurn concluded that an adversity of interests remained because of the provisions of paragraph 6, which assert a fall-back position:

> In the alternative, and in the event that it is finally decided that the Houdenosaunee and its member nations have no interest in the subject lands, then the Oneida of the Thames Band claims an interest in the subject lands as a successor in interest to the Oneida Nation and/or Houdenosaunee.

Despite the representations of Coulter that the issue of potentially conflicting interests had been discussed with the Thames Band and the Houdenosaunee and that each client had expressed a strong preference to have Coulter represent them both, Judge McCurn adhered to his prior ruling disqualifying Coulter from representing the Thames Band, without any explicit consideration of the adequacy or significance of the affected parties' consent.

 On this appeal, the Wisconsin Oneida contends initially that we lack appellate jurisdiction in light of the Supreme Court's decision in *Flanagan v. United States,* 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), precluding interlocutory review of an order granting a motion to disqualify counsel in a criminal case. However, since *Flanagan,* we have ruled that orders disqualifying counsel in civil cases remain subject to interlocutory appeal. *Interco Systems, Inc. v. Omni Corporate Services, Inc.,* 733 F.2d 253 (2d Cir.1984) (per curiam).

On the merits of the disqualification ruling, we appreciate Judge McCurn's concern that the alternative nature of the Thames Band's amended complaint has the potential for creating an adversity of interests. Though the Thames Band is completely united with the Houdenosaunee in its fundamental claim of an interest "which arises under the claim of title of the Houdenosaunee," the fall-back position of the Thames Band creates the problem. However, there is not presented an inevitable conflict that threatens to pervade the entire course of the trial. The Thames Band has made it clear that it asserts an interest as successor to the Oneida Nation or the Houdenosaunee only in the event that the primary claim of the Houdenosaunee is rejected.[2]

---

**1.** The District Court's ruling states that the disqualification order applies to the Indian Law Resource Center, with which Coulter is associated. The appearance that has been filed on behalf of the Thames Band is in the name of Robert T. Coulter, Esq. For purposes of this appeal, our references to Coulter may be taken to include the Indian Law Resource Center and any lawyers associated with the Center.

**2.** At oral argument, Coulter made it clear that the reference in paragraph 6 of the amended complaint to the primary claim being "finally" decided adversely to the Houdenosaunee does not mean that the Thames Band plans to await a final judgment against the Houdenosaunee before pursuing the alternative claim. Obviously the evidence necessary to support the alternative claim would have to be presented in the current lawsuit. *His point is that the legal arguments based on the evidence, which is expected*

Indeed, the one example given by Judge McCurn to illustrate the risk of adverse interests concerned the circumstances that would arise on appeal if a judgment of the District Court ruled against the Houdenosaunee but in favor of the Thames Band on its alternative claim. Judge McCurn wondered how, at that point, counsel representing both clients could fairly proceed; an appeal on behalf of the Houdenosaunee would risk the favorable judgment obtained for the Thames Band (although even in that event success on such an appeal could simply provide the Thames Band with a substituted basis for prevailing). When confronted with this prospect by Judge McCurn, interim counsel for the Thames Band responded that, if such circumstances arose, the Thames Band could then make a decision either to permit its counsel to pursue an appeal for the Houdenosaunee or to retain new counsel to resist an appeal by the Houdenosaunee.

■ Whether or not the potential adversity of interests of the Thames Band and the Houdenosaunee is such as to preclude joint representation under the standards of Disciplinary Rule 5–105(A), we see no reason why the joint representation may not be undertaken with the consent of both clients, as contemplated by DR 5–105(C). That provision permits joint representation, notwithstanding a "situation[ ] covered by DR 5–105(A)," if "it is obvious that [the lawyer] can adequately represent the interest of each [client] and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each." The Wisconsin Oneida contends that it is not obvious that Coulter may undertake the joint representation in view of the potential adversity of his clients' interests. However, since DR 5–105(C) is an exception to DR 5–105(A), the adversity that arguably implicates DR 5–105(A) cannot necessarily suffice to preclude the "adequate" representation contemplated by DR 5–105(C). The potential adversity that the joint representation might create in this litigation is not such as would make the day-to-day conduct of the trial unmanageable or even difficult.

On the matter of consent, Coulter represented to the District Court that he discussed the potential adversity of interests with the governing councils of the Thames Band and the Houdenosaunee, that the council of the Thames Band made an informed decision to retain him, and that the council of the Houdenosaunee agreed to the joint representation. Though we have recognized that clients may give informed consent to joint representation despite actual or potential adverse interests, *see In re Taylor*, 567 F.2d 1183, 1191 (2d Cir.1977); *Petition of Trinidad Corp.*, 229 F.2d 423, 430 (2d Cir.1955), we have required that the court must be satisfied that the client "knowingly and intelligently wishes to proceed with joint representation," *In re Taylor, supra*, 567 F.2d at 1191. Though we do not doubt Coulter's statement concerning his explanation to his clients and their reaction, the other parties to the litigation are entitled to the assurance of an on-the-record consent sufficient to preclude any subsequent challenge to a judgment by either of Coulter's clients because of his joint representation. Therefore, upon remand, Judge McCurn should ascertain in open court from those authorized to speak on behalf of the Thames Band and the Houdenosaunee that each client understands the potentially adverse nature of the claims and nonetheless prefers to be jointly represented by Coulter. If such informed consent is established on the record, the order disqualifying Coulter from representing the Thames Band should be withdrawn.

In connection with the appeal of the disqualification order, the Thames Band also seeks relief from Judge McCurn's ruling concerning materials gathered by counsel for the Wisconsin Oneida during the time

to consist mainly of historical documents, would be presented as primary and fall-back

contentions.

when she also represented the Thames Band. Judge McCurn ruled that these materials are to be turned over to interim counsel for the Thames Band, subject to a restriction that they may not be shown to counsel for the Houdenosaunee. The dispute over that ruling is sufficiently related to the disqualification order to make it appropriate for us to exercise pendent appellate jurisdiction. The documents in question are not claimed to contain communications covered by the attorney-client privilege. Apparently they are historical documents, which counsel for the Wisconsin Oneida acknowledged at argument of this appeal will become available to the Houdenosaunee during the course of discovery. Her argument is that inspection of the documents by counsel for the Houdenosaunee at this time provides additional time for study beyond what will occur if production is delayed until ordered during discovery. That is the type of tactical sparring no court should countenance. The Thames Band, having received from its former counsel historical materials she gathered while in its employ, should be under no restriction as to their use.

Accordingly, the cause is remanded to the District Court for further proceedings consistent with this opinion. The parties are requested to devote their energies to the cooperative preparation of the litigation so that the merits of the important issues involved may be submitted to the District Court with a minimum of motion practice and an absence of further interlocutory appeals.