**ONEIDA OF the THAMES BAND,**
**Plaintiff-Appellant,**

**Oneida Indian Nation of Wisconsin,**
**Plaintiff-Appellee,**

**The Houdenosaunee, et al.,**
**Plaintiffs-Intervenors-Appellees,**

v.

**STATE OF NEW YORK, et al.,**
**Defendants-Appellees.**

**No. 629, Docket 84–7642.**

United States Court of Appeals,
Second Circuit.

Motion to Recall Mandate
Submitted July 2, 1985.

Decided Aug. 26, 1985.

Certiorari Denied Oct. 7, 1985.
See 106 S.Ct. 78.

Arlinda Locklear, Native American Rights Fund, Washington, D.C., filed papers in support of the motion of plaintiff-appellee Oneida Indian Nation of Wisconsin.

Robert T. Coulter, Curtis G. Berkey, Indian Law Resource Center, Washington, D.C., filed papers in opposition to the motion on behalf of plaintiff-appellant Oneida of the Thames Band and plaintiff-intervenors-appellees The Houdenosaunee.

Before NEWMAN, KEARSE and PRATT, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This motion to recall a mandate and vacate a prior decision poses in an unusual context issues concerning the orderly process of appellate review, including discretionary review by the Supreme Court in the exercise of its certiorari jurisdiction. For reasons that follow, we conclude that we should not recall our mandate.

Our prior decision entertained an appeal from an order of the District Court for the Northern District of New York (Neal P. McCurn, Judge) granting a motion to disqualify counsel in a civil case. *See Oneida of the Thames Band v. New York,* 757 F.2d 19 (2d Cir.1985). We ruled that counsel should not be disqualified if consent to his participation was given by both his client, an intervening plaintiff, and an original plaintiff with whose interests a conflict was alleged to exist. *Id.* at 22. Upon remand the District Court held a hearing, satisfied itself that consents were validly given, permitted the previously disqualified counsel to participate, and ordered a turnover of documents that had been resisted in light of the prior order of disqualification. The documents have been turned over, and the case, already long delayed, is proceeding toward adjudication.

On June 17, 1985, two months after our mandate had issued, the Supreme Court ruled that an order granting a motion to disqualify counsel in a civil case was not subject to an interlocutory appeal. *Richardson-Merrell, Inc. v. Koller,* —— U.S. ——, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985). Based on the *Richardson-Merrell* decision, the plaintiff-appellee, who had unsuccessfully resisted the appeal from the original disqualification order, now urges us to recall our mandate and vacate our decision. The argument is made that, since it is now the law that an appellate court lacks jurisdiction of an interlocutory appeal from an order disqualifying counsel in a civil case, our prior decision exercising such jurisdiction is void and should be vacated. We disagree.

First, the judgment we previously rendered with respect to reinstatement of the disqualified counsel on proper consent is not void. The issue of our appellate jurisdiction had been raised in light of the Supreme Court's decision the previous year in *Flanagan v. United States,* 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), precluding interlocutory appeal of an order granting a motion to disqualify counsel in a criminal case. We declined to extend that ruling to civil litigation, following a post-*Flanagan* precedent of our Circuit. *See Interco Systems, Inc. v. Omni Corporate Services, Inc.,* 733 F.2d 253 (2d Cir.1984) (per curiam); *see also Armstrong v. McAlpin,* 625 F.2d 433, 440–41 (2d Cir.1980) (in banc) (recognizing appellate jurisdiction over orders *granting* disqualification motions in civil cases), *vacated on other grounds,* 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981). Our prior decision in this case was thus based on a colorable jurisdictional basis, litigated by the parties, and our jurisdictional ruling binds the parties unless the ruling is reversed upon further appellate review. *See United States v. United Mine Workers,* 330 U.S. 258, 292–93 & n. 57, 67 S.Ct. 677, 695–96 & n. 57, 91 L.Ed. 884 (1947); *Restatement (Second) of Judgments* § 12 comment c (1982).

Second, although the prior judgment is not void, we recognize that it is now voidable in the event that the Supreme Court exercises its discretion to grant the petition

for writ of certiorari that has been filed with respect to our decision. *Oneida Indian Nation v. Houdenosaunee, petition for cert. filed,* 53 U.S.L.W. 3883 (U.S. May 16, 1985) (No. 84–1908). Thus, it is arguable that we should anticipate the action the Supreme Court may take and exercise our authority to recall the mandate and vacate our prior decision. Some support for doing so is provided by the Supreme Court's decision, one week after *Richardson-Merrell,* in *GAF Corp. v. Cheng,* — U.S. —, 105 S.Ct. 3493, 87 L.Ed.2d 626 (1985). In that case this Court had exercised appellate jurisdiction to review an order granting a motion to disqualify counsel in a civil case and had affirmed. *Cheng v. GAF Corp.,* 747 F.2d 97 (2d Cir.1984). The Supreme Court granted a petition for a writ of certiorari and, applying *Richardson-Merrell* to a case then pending before it on direct review, vacated our decision and remanded with instructions to dismiss the appeal for want of jurisdiction.

We believe that this litigation differs from *GAF* in significant respects. We had there *affirmed* a ruling disqualifying counsel. The course of proceedings in the District Court was not altered by our affirmance, nor was it to be altered by a Supreme Court ruling that vacated our affirmance. Here, however, our prior decision *reversed* the disqualification ruling of the District Court and ordered hearings to determine whether counsel could serve. Those hearings have now been held. Counsel has been found eligible to participate and is participating in complex, protracted litiga-

tion. Under these circumstances, we think it far from clear that the Supreme Court will exercise its discretionary authority to grant a petition for certiorari in this case.[1] *See* 28 U.S.C. § 1254(1) (1982); Sup.Ct.R. 17. The Court need not do so simply to reiterate its view that an interlocutory appeal may no longer be taken in cases of this sort. In light of *Richardson-Merrell* this Court and all other appellate courts are bound to respect that view in any case in which interlocutory review is hereafter sought and in any case currently pending on direct review. But this case is no longer pending before us on direct review, and we do not believe the orderly progress of the case will be enhanced by returning it to the status of direct review. If we were to exercise our authority to recall the mandate, vacation of our prior ruling and dismissal of the appeal would needlessly risk injecting uncertainty into litigation already long delayed. The risk may well be slight; even if we dismissed the appeal at this stage, the District Judge might nevertheless proceed in light of his current ruling that permits the challenged counsel to participate. But we see no reason even to create room for doubt by reopening a judgment for which appellate jurisdiction existed at the time it was rendered.

Whether the Supreme Court will exercise its discretion to review our ruling will become known next fall, presumably shortly after the Court reconvenes for the 1985 Term. Though we have no wish to burden the Court, we think the need to apply *Rich-*

1. We do not mean to suggest that the exercise of certiorari jurisdiction would be appropriate in every case where a court of appeals affirmed an order of disqualification, but inappropriate in every case where such an order was reversed. Our point is the more limited one that the course of events in a district court after ruling on disqualification is relevant in exercising discretion to accord further direct appellate review either by the Supreme Court in determining whether to grant a petition for certiorari or by this Court in determining whether to recall a mandate.

We note that Supreme Court Rule 17 includes, among the factors to be considered in deciding whether to grant a petition for certiorari, the circumstance that a court of appeals "has decid-

ed a federal question in a way in conflict with applicable decisions of this Court," Sup.Ct.R. 17.1(c), a circumstance that has led to a grant of certiorari because of conflict with a subsequent decision of the Supreme Court. *See, e.g., GAF Corp. v. Cheng,* — U.S. —, 105 S.Ct. 3493, 87 L.Ed.2d 626 (1985); *Helvering v. Wiese,* 292 U.S. 614, 54 S.Ct. 862, 78 L.Ed. 1473 (1934); *see also* R. Stern & E. Gressman, *Supreme Court Practice* § 4.5 (4th ed. 1969). Yet we also note that this circumstance is included in a list stated in the Rule to be "neither controlling nor fully measuring the Court's discretion." Sup.Ct.R. 17.1. "It must be emphasized, however, that the presence in a case of any one ... of these factors is not a guarantee that certiorari will be granted." R. Stern & E. Gressman, *supra,* at 153.

*ardson-Merrell* to this litigation is sufficiently questionable in light of the circumstances we have recounted that a prudent exercise of *our* discretion is to deny the motion to recall our mandate.