**ONEIDA INDIAN NATION OF WISCONSIN, Plaintiff-Appellee,**

**Oneida of the Thames Band, Plaintiff-Appellant,**

v.

**STATE OF NEW YORK, et al., Defendants-Appellees.**

**No. 580, Docket 83–7782.**

United States Court of Appeals, Second Circuit.

Argued Feb. 22, 1984.

Decided March 16, 1984.

Robert T. Coulter, Washington, D.C. (Curtis G. Berkey, Indian Law Resource Center, Washington, D.C., Gary Kelder and Daan Braveman, Syracuse University College of Law, Syracuse, N.Y., on the brief), for plaintiff-appellant Oneida of the Thames Band.

Richard Dauphinais, Washington, D.C. (Arlinda Locklear, Native American Rights Fund, Washington, D.C., Francis Skenandore, Oneida Tribal Law Office, Oneida, Wis., Norman Dorsen, New York University Law School, New York, N.Y., on the brief), for plaintiff-appellee Oneida Indian Nation of Wisconsin.

Allan Van Gestel, Boston, Mass. (Jeffrey C. Bates, Christopher S. Dalton, Goodwin, Procter & Hoar, Boston, Mass., on the brief), for defendants-appellees.

Before NEWMAN and KEARSE, Circuit Judges, and BRIEANT, District Judge.*

PER CURIAM:

This is an appeal from an order of the District Court for the Northern District of New York (Neal P. McCurn, Judge) granting a motion to disqualify counsel for one of two plaintiffs in a complex suit by two Indian tribes claiming title to land in upstate New York. *See Oneida Indian Nation of New York v. New York*, 691 F.2d 1070 (2d Cir.1982). The order disqualified

Robert T. Coulter, Esq., counsel for plaintiff Oneida of the Thames Bank ("Thames Oneida"), on the ground of adversity of interest between the Thames Oneida and the Houdenosaunee, a confederation of Indian tribes which has thus far unsuccessfully sought to intervene in the lawsuit. *Oneida Indian Nation of Wisconsin v. New York*, 79–CV–798 (N.D.N.Y. Oct. 11, 1983), *appeal argued*, No. 83–7910 (2d Cir. Feb. 22, 1984). Coulter, who represents the Houdenosaunee, had been retained to represent the Thames Oneida, a joint representation agreed to by both clients.

The appeal also challenges the District Court's failure to require Arlinda Locklear, Esq., counsel for plaintiff Oneida Indian Nation of Wisconsin ("Wisconsin Oneida"), to turn over to the Thames Oneida documents developed under her auspices for this litigation during the time when she also represented the Thames Oneida. Judge McCurn concluded that it was not necessary to assess the merits of the document demand in view of his order disqualifying Attorney Coulter; Attorney Locklear had expressed her willingness to turn over the documents to the Thames Oneida once they were represented by "independent" counsel. The motion to turn over the documents was denied without prejudice.

Since Judge McCurn ruled, two developments have occurred that may bear significantly on the appeal. First, the Thames Oneida, represented by new counsel, at least on an interim basis, have submitted to the District Court an amended complaint, which they allege eliminates the claimed adversity between the positions of the Thames Oneida and the Houdenosaunee. Whether the District Court will grant leave to amend the complaint remains to be determined. Second, the Supreme Court has ruled that an order disqualifying counsel in a criminal case is not subject to an interlocutory appeal. *Flanagan v. United States*, —— U.S. ——, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984).

---

* The Honorable Charles L. Brieant, Jr. of the United States District Court for the Southern District of New York, sitting by designation.

The ruling in *Flanagan* obliges us to consider our jurisdiction over this appeal. Though the holding in *Flanagan* denies interlocutory review of a disqualification order only in a criminal case, the opinion certainly calls into question the continuing validity of the rule permitting interlocutory appeal of a disqualification order entered in a civil case. *See Armstrong v. McAlpin,* 625 F.2d 433, 440–41 (2d Cir.1980) (in banc), *vacated on other grounds,* 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981). The parties are entitled to an opportunity to consider this question anew in light of *Flanagan.* Even if we lack appellate jurisdiction over the disqualification order, there remains an issue as to our appellate jurisdiction over Judge McCurn's order to the extent that it denied without prejudice the motion seeking turnover of documents from the former counsel to the Thames Oneida. *See First Wisconsin Mortgage Trust v. First Wisconsin Corp.,* 571 F.2d 390 (7th Cir.1978) (order denying new counsel predisqualification work of disqualified counsel appealable as collateral order), *vacated on other grounds,* 584 F.2d 201 (7th Cir.1978) (in banc); *see also Pomerantz v. Schandler,* 704 F.2d 681 (2d Cir.1983) (same as to order granting turnover).

Because of the distinct possibility that the amended complaint, if allowed, will moot the entire controversy as to whether Attorney Coulter may represent the Thames Oneida, in which event the District Judge will presumably consider the merits of the request for Attorney Locklear's documents, we conclude that the appropriate disposition of this appeal is a remand to the District Court to afford Judge McCurn an opportunity to consider allowance of the amended complaint and, if amendment is allowed, to reconsider the appropriateness of Attorney Coulter's joint representation of the Thames Oneida and the Houdenosaunee in light of the amended complaint. If, notwithstanding the amended complaint, the disqualification order should be renewed, the Thames Oneida may prosecute a new appeal, in which event the parties will have an opportunity to brief the issue of appellate jurisdiction in light of *Flana-*

*gan.* Though a remand is an exercise of appellate jurisdiction and our ultimate jurisdiction over the merits of an interlocutory appeal from a disqualification order is now in doubt, we believe we have jurisdiction to remand the matter, without any adjudication of the merits, in the exercise of a court's jurisdiction to consider its own jurisdiction. The developments since Judge McCurn's ruling make it appropriate that we do so.

Remanded.