733 F.2d 253
 INTERCO SYSTEMS, INC., Plaintiff-Appellee Cross-Appellant,
v.
OMNI CORPORATE SERVICES, INC., Sanford Wasserman, Paul
Solomon, Jay Joseph, Eugene Linsky, Robert
Carpenter, Defendants-Appellants Cross-Appellees.
 No. 1056, Dockets 84-7008, 84-7012.
 United States Court of Appeals,
Second Circuit.
 Argued April 11, 1984.
Decided April 30, 1984.
 
 Warren B. Rosenbaum, Rochester, N.Y. (Shapiro, Rosenbaum & Liebschutz, Rochester, N.Y., of counsel), for plaintiff-appellee-cross-appellant.
 Gordon J. Lipson, Rochester, N.Y. (Goldstein, Goldman, Kessler & Underberg, Rochester, N.Y., of counsel), for defendants-appellants-cross-appellees.
 Before TIMBERS and PRATT, Circuit Judges, and METZNER, District Judge*.
 PER CURIAM:
 
 
 1
 Plaintiff moved in the district court to disqualify defendants' attorneys of record, Goldstein, Goldman, Kessler & Underberg (Goldstein firm) and their co-counsel in fact, although not of record, Kohrman, Jackson & Weiss Co., L.P.A. (Kohrman firm). Judge Telesca below, after careful consideration of the circumstances presented by extensive documentary submissions, granted the motion with respect to the Kohrman firm, which had previously been general counsel to plaintiff, but denied it with respect to the Goldstein firm, which had no connection with plaintiff before the lawsuit. On these cross-appeals, we write primarily to resolve an issue of appealability.
 
 
 2
 The immediate appealability of pretrial disqualification orders has been the subject of careful consideration by this court in the past. In Armstrong v. McAlpin, 625 F.2d 433, 437-41 (2d Cir.1980) (en banc ), vacated on other grounds, 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981), Chief Judge Feinberg thoroughly reviewed our prior decisions and concluded that in a civil case an order denying disqualification was not immediately appealable, but that an order granting disqualification would be appealable.
 
 
 3
 In Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), the Supreme Court confirmed that denial of a disqualification motion in a civil case is not immediately appealable. The Court expressly reserved, however, the question of immediate appealability of pretrial denials of disqualification motions in criminal cases and of pretrial grants of disqualification motions in both criminal and civil cases. Id. at 372 n. 8, 101 S.Ct. at 672 n. 8. In Flanagan v. United States, --- U.S. ----, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), the Supreme Court held that a pretrial order disqualifying defense counsel in a criminal prosecution is not immediately appealable under 28 U.S.C. Sec. 1291.
 
 
 4
 While the language of the Flanagan opinion might be regarded as a call to reexamine this circuit's established rule permitting interlocutory appeals of disqualification orders in civil cases, see Oneida Indian Nation of Wisconsin v. State of New York, 732 F.2d 259, No. 83-7782 (2d Cir.1984), we do not respond to the call. In its Firestone and Flanagan decisions, the Supreme Court has divided the appealability problems surrounding disqualification orders into four discrete categories: (1) grants in a civil case, (2) denials in a civil case, (3) grants in a criminal case, and (4) denials in a criminal case. Its circumscribed holdings in Firestone and Flanagan have denied appealability in categories (2) and (3) respectively, but have not ruled on category (1), relevant in this case, or category (4). Under these circumstances, we think that our en banc decision in Armstrong v. McAlpin, which carefully analyzed the relevant factors, should control the practice in this circuit by allowing appeals from grants of disqualification in civil cases until the issue is otherwise specifically determined by the Supreme Court.
 
 
 5
 On the merits of defendants' appeal we conclude that Judge Telesca's determination to disqualify the Kohrman firm in the circumstances here lay within the discretion accorded to him as the trial judge. See Cheng v. GAF Corp., 631 F.2d 1052, 1055 (2d Cir.1980), vacated on other grounds, 450 U.S. 903, 101 S.Ct. 1338, 67 L.Ed.2d 327 (1981); Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir.1975). Having served for three years as plaintiff's general counsel during which it dealt directly with defendant Wasserman, who was then president of plaintiff, the Kohrman firm should not now participate as counsel opposing plaintiff's claims of unfair competition and misappropriation of trade secrets asserted against Wasserman and based in significant part on events occurring while the Kohrman firm represented plaintiff.
 
 
 6
 Accordingly, we hold that the order disqualifying the Kohrman firm from participating as defendants' attorneys is immediately appealable and, on the merits of the appeal, we affirm.
 
 
 7
 Plaintiff's cross-appeal is dismissed because that part of the order which denied plaintiff's motion to disqualify the Goldstein firm is not appealable. Firestone Tire & Rubber Co. v. Risjord, supra; Armstrong v. McAlpin, supra. In light of these authorities we reject plaintiff's argument that we should create an exception to the rule against immediate appealability of orders denying disqualification in civil cases where the order in question both grants and denies related disqualification motions, and where the grant is appealed.
 
 
 8
 Appeal affirmed, cross-appeal dismissed.
 
 
 
 *
 Hon. Charles M. Metzner, of the United States District Court, for the Southern District of New York, sitting by designation