**Patt GIBBS and Tamara Utens, Plaintiffs-Appellees,**

v.

**Bruno PALUK, et al., Defendant,**

**The Association of Professional Flight Attendants, Defendant-Appellant.**

No. 84–1033.

United States Court of Appeals, Fifth Circuit.

Sept. 10, 1984.

E. Grady Jolly, Circuit Judge, dissented with opinion.

Hicks, Gillespie, James & Lesser, James L. Hicks, Jr., Dallas, Tex., for defendant-appellant.

Gardere & Wynne, Ronald M. Gaswirth, Patrick J. Maher, Dallas, Tex., for plaintiffs-appellees.

Before RUBIN, JOLLY, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Whether a district court order disqualifying counsel is immediately appealable is our first concern in considering this motion to stay proceedings pending appeal in a civil suit. The Supreme Court has held that an order disqualifying counsel in a criminal case is not final in effect and therefore not appealable. The analysis in that decision requires us to change our course in civil cases and to hold that we lack jurisdiction to entertain an interlocutory appeal. Accordingly, we deny the stay.

## I.

Patt Gibbs and Tamara Utens are members of a union, the Association of Professional Flight Attendants (APFA). Gibbs had been the union president and Utens its secretary-treasurer. They sued the union challenging both its participation in another law suit and various other actions taken by the union's present officers and directors. The same lawyer filed two answers, one on behalf of APFA and the other on behalf of those of the defendant union officials who had not opposed its participation in the earlier suit. He also filed a motion seeking leave for the union to intervene in the counts brought against the individual defendants.

Gibbs and Utens countered with a motion to disqualify the lawyer. They contended that his real or apparent favor toward the union officials for whom he had appeared indicated his predisposition against the union faction who had filed this suit and interfered with his continued representation of the union. In addition, they argued that his dual representation created the risk of breach of confidentiality. The lawyer filed a motion seeking to withdraw from further representation of the individu-

al defendants and an amended motion to limit the union's intervention attempt to those claims in the individual counts that concerned the union.

The district court held that, to avoid the appearance of impropriety, union counsel must avoid any form of direct affiliation with any union faction. Because he had failed to maintain such impartiality, the district court disqualified him from representing either the union or the individual defendants. The union alone appeals, seeking a stay of the order pending appeal.

## II.

■ Until final judgment, the orders of a district court are not appealable.[1] Some judgments not final in form, however, are sufficiently final in effect to be immediately appealable. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). An order in a civil case denying a motion to disqualify counsel does not satisfy the finality requisites of *Cohen*, and hence is not appealable. *Firestone Tire and Rubber Co. v. Risjord.*[2] In *Firestone*, however, the Court reserved the question whether orders *granting* motions to disqualify counsel in either civil or criminal cases are immediately appealable.[3]

The Supreme Court recently answered one of the reserved questions. In *Flanagan v. United States*,[4] the Court unanimously held that a disqualification order in a criminal case was not appealable until after final judgment in the case. The facts did not raise and the opinion did not discuss the issue of the immediate appealability of a disqualification order in a civil matter. Thus, the Court has not yet expressly ruled on the issue presented here.

Between *Firestone* and *Flanagan*, we held in three cases that such an order in a

---

1. 28 U.S.C. § 1291. There are a few exceptions not pertinent here.

2. 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981).

3. *Firestone Tire and Rubber Co. v. Risjord, supra,* 449 U.S. at 372 n. 8, 101 S.Ct. at 672 n. 8.

4. ―― U.S. ――, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984).

civil case is appealable as soon as it is entered.[5] A number of other circuit courts have reached the same conclusion.[6]

The pages of the Federal Reporters already contain thorough discussion of whether disqualification orders should be treated differently in criminal than in civil cases. It would be pedantic again to recite those pros and cons; for the result in this case is determined by application of the analysis announced by the Supreme Court in *Flanagan,* an analysis that appears equally applicable to criminal and civil cases.

■ The requirements of the collateral order exception to the finality rule, as articulated by the Court in *Coopers & Lybrand,* are that: (1) the order "must conclusively determine the disputed question"; (2) it must "resolve an important issue completely separate from the merits of the action"; and (3) it must "be effectively unreviewable on appeal from a final judgment." [7] These requirements are conjunctive: failure of any one results in failure of jurisdiction.

Only the Ninth Circuit had, before *Flanagan,* distinguished between civil and criminal cases, basing its decision on analysis of the third element, eventual reviewability. In *United States v. Greger,*[8] it held that disqualification orders in criminal cases are effectively reviewable on appeal because the presumption of prejudice, which is una-

vailable in civil cases, relieves the criminal defendant of the "almost insurmountable burden" of proving that the case was lost for want of chosen counsel.[9] In *Flanagan,* however, the Court stated "the *second Coopers & Lybrand* condition—that the order be truly collateral—is not satisfied if petitioners' asserted right [to counsel of their choice] is one requiring prejudice to the defense for its violation." [10] The Court continued, "a disqualification order, though final, is not independent of the issue to be tried" because "[i]ts validity cannot be adequately reviewed until trial is complete .... The effect of the disqualification on the defense, and hence whether the asserted right has been violated, cannot fairly be assessed until the substance of the prosecution's and defendant's cases is known." [11]

Before *Flanagan,* the lower courts had regarded disqualification orders in civil cases as presenting considerations that did not require them to become "enmeshed in the factual and legal issues comprising [the litigant's] cause of action." [12] They did not consider disqualification orders "of such a nature as to permit fair assessment *only* after trial...." [13] And no court had held that the second *Coopers & Lybrand* element was not satisfied in either criminal or civil cases.

Two circuits have examined the impact of *Flanagan* on the immediate appealability of orders disqualifying counsel. In two

**5.** *Duncan v. Merrill Lynch, Pierce, Fenner & Smith,* 646 F.2d 1020 (5th Cir.), *cert. denied,* 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981); *Cossette v. Country Style Donuts, Inc.,* 647 F.2d 526, 528 n. 2 (5th Cir.1981); *In re Corrugated Container Antitrust Litigation,* 659 F.2d 1341, 1344 (5th Cir.1981).

**6.** *See, e.g., Gough v. Perkowski,* 694 F.2d 1140, 1142–45 (9th Cir.1982); *Groper v. Taff,* 717 F.2d 1415, 1417 (D.C.Cir.1983); *Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 718–21 (7th Cir.1982); *Ah Ju Steel Co. v. Armco, Inc.,* 680 F.2d 751, 752–53 (C.C.P.A.1982); *In re Coordinated Pre-Trial Proceedings in Petroleum Products Antitrust Litigation,* 658 F.2d 1355, 1156–58 (9th Cir.1981), *cert. denied,* 455 U.S. 990, 102 S.Ct. 1615, 71 L.Ed.2d 850 (1982); *Glueck v. Jonathan Logan, Inc.,* 653 F.2d 746, 748 n. 2 (2d Cir.1981).

**7.** 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1984) (footnote omitted).

**8.** 657 F.2d 1109, 1110–1113 (9th Cir.1981).

**9.** *See Gough v. Perkowski, supra,* at 1142–44 (quoting *Armstrong v. McAlpin,* 625 F.2d 433 at 440–41 (1980)).

**10.** —— U.S. ——, ——, 104 S.Ct. 1051, 1056–57, 79 L.Ed.2d 288 (emphasis added).

**11.** *Id.* at 1057.

**12.** *Coopers & Lybrand, supra,* 437 U.S. at 469, 98 S.Ct. at 2458. *See, e.g., Gough v. Perkowski, supra,* 694 F.2d at 1142.

**13.** *In re Coordinated Pre-Trial Proceedings in Petroleum Products Antitrust Litigation, supra,* 658 F.2d at 1357 (emphasis added).

post-*Flanagan* decisions, the Second Circuit observed first that the Supreme Court's opinion cast doubt on the immediate appealability of those orders,[14] but later declined to reexamine its rules on appealability of such orders "until the issue is otherwise specifically determined by the Supreme Court."[15] The court instead adhered to the careful analysis of the problem it had undertaken en banc in *Armstrong v. McAlpin*.[16]

The District of Columbia has also upheld the appealability of disqualification orders. In *Koller v. Richardson-Merrell, Inc.*,[17] the court noted the Supreme Court's emphasis in *Flanagan* on the importance of the final judgment rule in criminal cases, and held that each of the three *Coopers & Lybrand* requirements were met in a civil case. Only its analysis of the second—whether disqualification orders are independent of the merits—need concern us here. The court focused on the statement in *Flanagan* that the order's "validity cannot be adequately reviewed until trial is complete,"[18] and concluded that the Court intended to limit its analysis to "considerations that are peculiar to criminal cases and do not extend to the civil context." *Koller*, 737 F.2d at 1053. The D.C.Circuit offered two possible explanations: First, the sixth amendment basis of the defendant's claim may have "led the Court to equate the 'validity' of a disqualification order with the absence of a sixth amendment violation." *Id.* at 1053. Second, the particularly "strong shared interest of the defendant, the state and the public in a speedy adjudication of guilt or innocence in criminal cases" might have prompted the Court to prohibit interlocutory appeals when the defendant might be acquitted or might be unable to demonstrate prejudice.

Despite these decisions, we feel constrained to apply the Court's *Flanagan* analysis to disqualification orders in civil cases. Although the Court stressed the importance of finality in criminal trials and the consequent need to avoid trial interruptions, we see no basis for concluding that disqualification orders in civil trials lend themselves more readily to consideration apart from the merits of the litigation than such orders in criminal cases. In *Firestone*, the Court reasoned, "[t]he propriety of the district court's denial of a disqualification motion will often be difficult to assess until its impact on the underlying litigation may be evaluated, which is normally only after final judgment."[19] We declined, in *Duncan*, to apply this reasoning to grants of disqualification motions:

> When a district court grants disqualification, the effect of the court's action is immediate and measurable. The party opposing the motion is abruptly deprived of his counsel, and, provided he desires to proceed with his action, the litigation is disrupted while he secures new counsel. In this situation, the reviewing court need not wait until final judgment to evaluate the impact of the lower court's order.[20]

This analysis related to the reviewability of the order on appeal after final judgment—the third *Coopers & Lybrand* element—not the separateness of the issue from the merits.[21] *Flanagan*, however, requires us to apply these considerations to the second element. We differ with the D.C. Circuit about the conclusions to be drawn from the

---

14. *Oneida Indian Nation of Wisconsin v. New York*, 732 F.2d 259 (2d Cir.1984).

15. *Interco Systems, Inc. v. Omni Corporate Services, Inc.*, 733 F.2d 253, 255 (2d Cir.1984).

16. 625 F.2d 433, 437–41 (2d Cir.1980) (en banc), *vacated on other grounds*, 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981) (holding grants of disqualification motions in civil cases immediately appealable, but anticipating Supreme Court's *Firestone* decision by holding denials of such motions not appealable).

17. 737 F.2d 1038 (D.C.Cir.1984).

18. *Flanagan*, 104 S.Ct. at 1057.

19. 449 U.S. at 377, 101 S.Ct. at 675.

20. 646 F.2d at 1027.

21. The Court in *Firestone* assumed the second element was decided, 449 U.S. at 376, 101 S.Ct. at 674. We held in *Duncan* that it was. 646 F.2d at 1029 n. 9.

Court's use of the word "validity." The disruption of the proceedings occasioned by disqualification of counsel is no less immediately apparent in a criminal case than it is in civil litigation. We understand the Supreme Court to have said that, if the defendant must show prejudice, this impact cannot be measured until the trial has concluded. Whether a criminal defendant is guilty or innocent, and what sentence should be imposed if he is found guilty, is no more or less independent of the grounds for attorney disqualification than is a civil litigant's right to judgment.

Policy considerations may be irrelevant to determining whether the second *Coopers & Lybrand* requirement has been satisfied. If they are to be weighed, however, some effect must be given to the patently stronger interest of the criminal defendant in being represented by counsel of his choosing. If concerns about speedy resolution of criminal cases outweigh that interest, and somehow establish such a nexus between the disqualification question and the merits as to defeat appealability, then evenhandedness forbids placing the civil litigant in a better position than the criminal defendant. The interests of the lawyer who is barred from participating in either type of case appear to be irrelevant in deciding the "finality in effect" of the order on the litigant; but, even if that is to be considered, we see no reason why the potential fees and prestige arising from handling the civil case should be more highly regarded than the prospects of the criminal-case retainer.

■ Whether orders denying disqualification in both civil and criminal cases are appealable has been decided. Whether orders granting disqualification in criminal cases are appealable has been decided. It would be anomalous to hold that in this domain there remains one exception: disqualification in a civil case is different. Neither language, nor logic, nor policy appears to us to warrant such an oddity.

Therefore, we regard the rule announced in *Duncan* to have been superseded by *Flanagan*, despite *Flanagan*'s professed restraint, and accordingly hold that disqualification orders are not appealable under the collateral-order exception to the finality requirement.

We recognize that we hereby create a conflict in the rulings of the circuit courts. The issue is recurrent and important, however, and its final resolution can be accomplished only by a definitive ruling from the Supreme Court, absent the most unlikely event of a statutory change.

The request for a stay is DENIED.

E. GRADY JOLLY, Circuit Judge, dissenting:

I respectfully dissent.

I find the reasoning of *Koller v. Richardson-Merrell*, 737 F.2d 1038. (D.C.Cir. 1984) persuasive, and am convinced that orders disqualifying counsel in civil cases are sufficiently distinguishable in character and effect from such orders in criminal cases as to render inapplicable the reasoning and holding of *Flanagan v. United States*, —— U.S. ——, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). Indeed, it seems to me that the reasoning of *Flanagan* encourages us to draw distinctions between civil litigation and criminal prosecutions for the purposes of analyzing the immediate appealability of counsel disqualification orders. The distinction between criminal prosecutions and civil litigation stems from the emphasis criminal prosecutions place on the rights of the individual defendant which often control the *final* judgment in the case. Because in criminal prosecutions, this "respect for the individual is the lifeblood of the law,"[1] it is inseparable from consideration of the final judgment on the substantive merits of the case. The criminal defendant's right to a speedy trial and his right to effective counsel, the rights most directly implicated here, are but two manifestations of this respect for the individual which become intermeshed in the

1. *Illinois v. Allen*, 397 U.S. 337, 350–51, 90 S.Ct. 1057, 1064, 25 L.Ed.2d 353 (1970) (Brennan, J., concurring).

reviewability of final judgment in the criminal, but not the civil case.

Consequently, it is my view that unlike the counsel disqualification order in a criminal case, such an order in a civil case presents for appeal each and every criterion necessary to create an exception to the final judgment rule under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). We can, on this appeal before us, conclusively determine the disputed question of whether counsel was properly disqualified; second, the important issue for determination, dissimilar to such an order disqualifying counsel in a criminal case, is completely separate from the merits of this action; and, finally, also distinguishable from a criminal case, the disputed question here would not be effectively reviewable on appeal from a final judgment in this case because, first, the defendant has no constitutional right to effective counsel and hence no presumption of prejudice inures in his favor, and, second, prejudice from an order disqualifying counsel is virtually impossible to prove on review of a final judgment on the substantive merits in a civil case.

I cannot better explain the reasoning for my dissent further than has Judge Wald in *Koller*. For these and those reasons, I respectfully dissent.