**F.L. KAHLE, Plaintiff-Appellee,**

**v.**

**OPPENHEIMER & CO., INC., a Delaware Corporation, et al. Defendants-Appellants.**

**No. 83–1403.**

United States Court of Appeals, Sixth Circuit.

Argued May 10, 1984.

Decided Nov. 20, 1984.

Rehearing and Rehearing En Banc Denied Jan. 8, 1985.

Wellford, Circuit Judge, filed concurring opinion.

James E. Beckley (argued) & Assoc., Chicago, Ill., for defendants-appellants.

Donald S. Young, S. Thomas Wienner (argued) and Terrence Haggerty, Dykema, Gossett, Spencer, Goodnow and Trigg, Detroit, Mich., for plaintiff-appellee.

Before EDWARDS, CONTIE and WELLFORD, Circuit Judges.

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.

This is an interlocutory appeal from an order granted by District Judge Philip Pratt in the United States District Court for the Eastern District of Michigan holding on a motion filed by plaintiff that a lawyer, James E. Beckley, representing defendants in the above-styled appeal, should be called as a witness at the trial of this matter and that it is therefore improper for him to represent defendants. *See* Model Code of Professional Responsibility, DR 5–101(B) and DR 5–102(A). Neither party discussed this court's jurisdiction to con-

sider an interlocutory appeal in light of *Flanagan v. United States,* —— U.S. ——, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). Additional briefs were requested and submitted after oral argument.

In *Flanagan* the Supreme Court held that disqualification of counsel in a criminal trial could not be immediately appealed. Two circuits have subsequently decided that *Flanagan* does not prevent immediate appeal from disqualification orders in civil cases In *Koller, et al. v. Richardson-Merrell, Inc.,* 737 F.2d 1038 (D.C.Cir.1984), the trial court disqualified plaintiff's counsel for misconduct and for circumventing a pre-trial order. In *Interco Systems, Inc. v. Omni Corporate Services,* 733 F.2d 253 (2d Cir.1984), the trial court disqualified defense counsel who had previously represented plaintiffs.

In *Gibbs v. Paluk,* 742 F.2d 181 (5th Cir.1984), the majority of a Fifth Circuit panel rejected the holdings in the *Interco Systems* and *Koller* cases just cited and held that the order denying a motion to disqualify counsel in the civil case concerned was not an appealable order basing its decision on *Flanagan.*

The facts in our instant case point strongly toward denial of immediate appeal. The trial judge in our instant case disqualified Beckley for a very different reason than those involved in any one of the three cases just cited. It was because the attorney was needed as a witness at trial. Before making that determination, the trial court reviewed a deposition given by the plaintiff, who explained his dealings with Beckley. The District Judge's rationale for this decision is set forth in a lengthy opinion extending some nine pages prior to the following conclusion:

The Court is aware that Beckley's disqualification, especially at this late date, will cause some hardship to defendants. Nevertheless it is now apparent that Beckley became involved in this dispute long before it ripened into litigation. Moreover, he alone can testify from personal knowledge as to matters which will be highly relevant at the trial of this

matter. The Court therefore must disqualify Beckley from further representing defendants in this action. (footnotes omitted).

The trial judge thus decided that counsel Beckley's testimony is "enmeshed in the factual and legal issues comprising the cause of action." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (quoting *Mercantile Nat. Bank v. Langdeau,* 371 U.S. 555, 558, 83 S.Ct. 520, 522, 9 L.Ed.2d 523 (1963)). The disqualification order is thus not a collateral order which can be immediately reviewed by this court. The decision to disqualify attorney Beckley is not sufficiently "independent" or separate to allow for appellate review until completion of trial. *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). Disqualified counsel may not bring an immediate appeal when the trial court has determined that the attorney should testify and submit to cross-examination. This court need not, however, decide whether the *Flanagan* rationale applies to other civil cases where disqualification is based on misconduct, conflict of interest or other reasons.

We therefore hold that we lack jurisdiction to hear this appeal and we remand this case to the District Court for trial.

WELLFORD, Circuit Judge, concurring.

I concur in the result reached by Judge Edwards, although I write separately to express my views. Another panel of this court, under similar factual circumstances, albeit without adequate discussion of the jurisdictional problems involved, considered the merits of an appeal from a district court order disqualifying counsel in a civil context. *General Mill Supply Co. v. SCA Service, Inc.,* 697 F.2d 704 (6th Cir.1982). This case, however, did not mention *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571

(1981), and it was decided prior to *Flanagan v. United States,* —— U.S. ——, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). Because I believe that the rationale of these latter cases indicates a view of the Supreme Court that immediate appeals from orders dealing with disqualification of counsel come only under very "narrow exceptions" to the finality rule, *see Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and that departures from that rule will be permitted only when observance of it would practically defeat the right to any review at all, *see Cobbledick v. United States,* 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940), I agree that the appeal should be dismissed. I am therefore not prepared to consider the issue here presented on disqualification of defendant-appellant's counsel on its merits. I believe it is "enmeshed in the factual and legal issues comprising the cause of action." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

On the other hand, one must recognize that another circuit court, post *Flanagan,* has held that an order granting disqualification in a civil case is immediately appealable, and indicated persuasive reason for this holding. *See* Judge Wald's opinion in *Koller v. Richardson-Merrell, Inc.,* 737 F.2d 1038 (D.C.Cir.), *cert. granted,* —— U.S. ——, 105 S.Ct. 290, 83 L.Ed.2d 226 (1984). The Second Circuit, while reaching the same result as in *Koller,* did so without full discussion of the impact of *Flanagan. Interco Systems, Inc. v. Omni Corporate Services, Inc.,* 733 F.2d 253 (2d Cir.1984).[1] Post *Firestone* decisions have also permitted immediate appeals of disqualification orders in civil cases. *See Gough v. Perkowski,* 694 F.2d 1140 (9th Cir.1982); *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 646 F.2d 1020 (5th Cir.), *cert. denied,* 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981); *LaSalle National Bank v. County of Lake,* 703 F.2d 252, 255

---

1. The *Interco Systems* panel included only one active judge of the Second Circuit, and based its decision on the rationale of *Armstrong v. McAlpin,* 625 F.2d 433 (2d Cir.1980) (en banc), *vacated on other grounds,* 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981). It did observe, however:

*Flanagan* might well be a call to reexamine this circuit's established rule permitting interlocutory appeal of disqualification orders in civil cases.

(7th Cir.1983); [2] *In re Coordinated Pretrial Proceedings,* 658 F.2d 1355, 1357–58 (9th Cir.1981), *cert. denied,* 455 U.S. 990, 102 S.Ct. 1615, 71 L.Ed.2d 850 (1982).

A very recent Fifth Circuit opinion, *Gibbs v. Paluk,* 742 F.2d 181 (5th Cir.1984), reaches the same conclusion as do we. That court held that the trial court's granting of a motion to disqualify was not a final appealable order in a civil case, thereby rejecting its prior holdings before the Supreme Court's *Flanagan* decision. This *Gibbs* decision also rejected the rationale of *Interco Systems, Inc.* and of *Koller.*

Plaintiff-appellee concedes in his supplemental brief that circuit court decisions have held with unusual unanimity that orders granting motions to disqualify are immediately appealable. However, in light of this recent Fifth Circuit decision, this is no longer the case. Under these circumstances, I concur with the disposition here, recognizing a divergence of viewpoints on this issue.

---

**2.** This case relies upon prior Seventh Circuit precedent to this effect. *Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 720 (7th Cir.1982).