BANQUE DE RIVE, S.A.,
Plaintiff-Appellee,

v.

HIGHLAND BEACH DEVELOPMENT
CORP., Defendant-3rd Party
Plaintiff-Appellant,

Pierre Frei, Third Party Defendant.

No. 84–5568
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 18, 1985.

Harvey Kaufman, Kenney & Kaufman, Timothy H. Kenney, West Palm Beach, Fla., for defendant-3rd party plaintiff-appellant.

Halley & Chalos, Thomas Hartnett, New York City, Cummins & Wanshel, Coral Gables, Fla., for plaintiff-appellee.

Before RONEY, FAY and JOHNSON, Circuit Judges.

RONEY, Circuit Judge:

This appeal raises two issues: *first,* whether an order granting a motion to disqualify counsel in a civil case is immediately appealable, and, if so, *second,* whether the trial court erred in granting the motion to disqualify in this case. We hold such orders are immediately appealable and the court's order of disqualification must be affirmed.

In this lawsuit, Banque de Rive (the Banque) sued Highland Beach Development Corporation (Highland Beach) on a promissory note. When the trial court found that Timothy Kenney, the attorney hired to represent Highland Beach, affirmatively used in preliminary proceedings information he had obtained on a prior representation of the Banque, it disqualified him from representing Highland Beach in this suit. Highland Beach appealed. The district court stayed trial proceedings pending this appeal.

The Banque contends an order disqualifying counsel is not a final order subject to interlocutory collateral review. We have held that orders granting disqualification of attorneys in civil cases are appealable. *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 646 F.2d 1020 (5th Cir. Unit B 1981). After analysis under *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), our Court said:

> We conclude that an order granting a motion to disqualify counsel is, as a practical matter, "effectively unreviewable" on appeal from a final judgment on the merits. Such an order, therefore, falls within the narrow exception to the final judgment rule announced in *Cohen* and subsequent cases.

646 F.2d at 1027. *Duncan* was decided June 1, 1981 and is therefore binding precedent on this Court. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (Fifth Circuit cases decided before October 1, 1981 are binding precedent in the Eleventh Circuit).

The Banque argues that *Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984) has robbed *Duncan* of its vitality. The Fifth Circuit so held in a two to one decision, *Gibbs v. Paluk*, 742 F.2d 181 (5th Cir.1984) (petition for rehearing *en banc* denied; mandate withheld pending outcome of *Koller v. Richardson-Merrell, Inc.*, 737 F.2d 1038 (D.C.Cir.), *cert. granted*, — U.S. —, 105 S.Ct. 290, 83 L.Ed.2d 226 (1984)):

> [W]e regard the rule announced in *Duncan* to have been superseded by *Flanagan*, despite *Flanagan's* professed restraint, and accordingly hold that disqualification orders are not appealable under the collateral-order exception to the finality requirement.

742 F.2d at 185. *Gibbs* is, of course, not binding on this Court, having been decided after October 1, 1981.

Three other circuits have considered that question since *Flanagan* was handed down and have decided to the contrary. The Second, District of Columbia, and Federal Circuits have all held that orders granting disqualification motions in civil cases are still appealable. *See Interco Systems, Inc. v. Omni Corp. Serv.*, 733 F.2d 253 (2d Cir.1984); *Koller v. Richardson-Merrell, Inc.*, 737 F.2d 1038 (D.C.Cir.), *cert. granted*, — U.S. —, 105 S.Ct. 290, 83 L.Ed.2d 226 (1984); *Panduit Corp. v. Allstates Plastic Manufacturing Co.*, 744 F.2d 1564 (Fed.Cir.1984). The Fifth Circuit in *Gibbs* recognized the other circuits differed on the point.

> We recognize that we hereby create a conflict in the rulings of the circuit courts. The issue is recurrent and important, however, and its final resolution can be accomplished only by a definitive ruling from the Supreme Court, absent the most unlikely event of a statutory change.

742 F.2d at 185.

We think the better analysis is found in the opinions of the other circuits. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), had already been decided and was considered by the *Duncan* court. The Supreme Court there held that district court orders *denying* motions to disqualify the opposing party's counsel in civil cases are not appealable under the collateral order exception to the final judgment rule. The Court specifically reserved judgment as to whether orders *granting* motions to disqualify counsel in either civil or criminal trials are immediately appealable. 449 U.S. at 372, n. 8, 101 S.Ct. at 672 n. 8.

That reserved question was answered in part by *Flanagan*, which involved an interlocutory appeal in a criminal case. The Supreme Court carefully distinguished the interests present in criminal as opposed to civil cases, 79 L.Ed.2d 294–96, and held that disqualification orders either *granting or denying* relief in *criminal* cases are not appealable until after final judgment. Thus, the sole remaining question unanswered by the Supreme Court is whether an order *granting* a motion to disqualify counsel in a *civil* case is immediately appealable.

In view of the opinions of the other circuits, we need not here publish an extended analysis as to why *Flanagan* did not change our prior law. Briefly, the reasoning in *Flanagan* was based on the special concerns existent in criminal cases. In criminal cases there is a strong constitutional interest in Sixth Amendment speedy trial rights, as well as the societal interest in reducing the load in court dockets and detention facilities. The interest in prompt resolution of civil cases, while important, is not of constitutional stature. If the *Flanagan* court had not focused its reasoning on the distinctive requirements of criminal litigation, but had discussed litigation in general, there might be some basis for extending its holding to civil cases. Absent that,

however, we are bound to follow the clear precedent in this Circuit set by *Duncan*. We note that the Supreme Court has apparently decided to face this issue directly having granted certiorari in *Koller*. 105 S.Ct. 290 (1984).

As to the merits of the present appeal, it appears that the district court did not improperly disqualify Mr. Kenney and his law firm in this litigation. Timothy Kenney had represented the Banque de Rive in prior litigation. The Banque, operating under the laws of Switzerland, loaned $200,000 to Royal Mayfair, Inc., a Florida corporation, in 1982. Securing the loan was a mortgage and promissory note on land in Palm Beach County, Florida. When various creditors and senior mortgagors of Royal Mayfair began foreclosure actions, Pierre Frei, Chairman of the Banque, retained attorney Kenney to represent the Banque's interests. Between the time of the termination of the Royal Mayfair litigation and the present matter, Kenney established the law partnership of Kenney, Boswell & Kaufman and relocated from Palm Beach to West Palm Beach.

The instant litigation began when the Banque sued Highland Beach in January of 1984 for failure to pay a promissory note. Kenney, Boswell & Kaufman, as counsel for Highland Beach, moved to dismiss/abate pending an evidentiary hearing on the Banque's capacity to maintain an action in Florida court, and later served a notice for production of documents. The trial court found that these two motions embraced matters substantially related to information discovered by Kenney when he represented the Banque. Among the facts gleaned from his representation of the Banque in the prior matter was the fact that the Banque had never registered as a foreign corporation owning Florida real estate under Fla.Stat. § 692.05. Other confidential information concerning the Royal Mayfair litigation and the internal operating procedures of the Swiss bank was apparently given Kenney by Frei during this period of representation. In particular, the issue of the extent of the Banque's presence in Florida was found to be directly related to both the Royal Mayfair and the promissory note actions, and that Kenney used the fact of the Royal Mayfair action as proof of the Banque's presence in Florida for this action.

The district court held that Kenney "used affirmatively in this cause information and knowledge that he acquired or developed in his earlier representation of [the Banque]." With that finding, the district court disqualified Kenney's firm because Kenney was using confidential information acquired from an earlier representation of the Banque in the present action against it. As stated by the court in *Wilson P. Abraham Construction Corp. v. Armco Steel Corp.*, 559 F.2d 250, 252 (5th Cir.1977), an attorney will be disqualified where it is shown that the matters embraced within the pending suit are substantially related to the matters or the cause of action in which the attorney represented the opposing party.

Findings of fact are reviewable under the clearly erroneous rule. *United States v. United States Gypsum Co.*, 333 U.S. 364, 394, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948); *Hardin v. Stynchcomb*, 691 F.2d 1364, 1372 (11th Cir.1982). Under this rule, fact findings of the district court will be overruled only if the reviewing court is left with the definite and firm impression that a mistake has been made. *American National Bank v. Federal Deposit Ins. Corp.*, 710 F.2d 1528, 1534–35 (11th Cir.1983). A review of the evidence contained in the record on appeal shows that the district court's finding was not clearly erroneous.

AFFIRMED.