767 F.2d 920
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FEDERAL DEPOSIT INSURANCE CORPORATION, IN ITS SEPARATE
CORPORATE CAPACITY, PLAINTIFF-APPELLEE,
v.
J. PIERCE ARMSTRONG, DEFENDANT,
BEAL, BOYD, JOHNSON, TESTERMAN, WILLIAMS, BAIRD, MCDONALD,
MATNEY AND MCCARVER, DEFENDANTS-APPELLANTS.
 NO. 85-5394
 United States Court of Appeals, Sixth Circuit.
 6/10/85
 
 E.D.Tenn.
 AFFIRMED
 ORDER
 BEFORE: MERRITT, WELLFORD and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court on the motion of appellants to stay the district court order which denied appellant's motion to set aside that portion of the magistrate's pre-trial memorandum and order disqualifying appellants' counsel from further representation because of a conflict of interest. The Federal Deposit Insurance Corporation (FDIC) has responded in opposition to the motion to stay.
 
 
 2
 These proceedings were initiated by the FDIC (in its corporate capacity) by complaint filed against appellants, former officers and directors of a failed, state-chartered bank, the City and County Bank of Hawkins County (CCH). The FDIC seeks to recover monies lost by the bank on theories of breach of common law, statutory and contractual fiduciary duties by appellants and negligence on the part of appellants. The FDIC moved to disqualify the appellants' counsel, the Wildman law firm (the firm), on the basis that the firm had previously represented CCH in a matter substantially related to the issues present in this action, thus creating a conflict of interest violative of Canon 4 of the Code of Professional Responsibility (Code). In addition, the FDIC contended that because of the Wildman firm's former representation, Canons 5, 7 and 9 of the Code were violated by the firm's current representation of appellants.
 
 
 3
 The magistrate determined that the firm should be disqualified on the grounds advanced by the FDIC--that because the firm previously represented CCH, its representation of appellants created a conflict of interest violative of Canon 4 and SR 4-104 of the Code. Appellants appeal from the district court order which denied their motion to set aside the magistrate's ruling disqualifying counsel. The district court denied appellants' motion to stay and appellants now move this Court to stay the judgment of the district court and to expedite the appeal.
 
 
 4
 A preliminary matter has been raised by appellee which addresses the jurisdictional issue regarding whether the order disqualifying counsel in this case is an immediately appealable order in light of Kahle v. Oppenheimer & Co., 748 F.2d 337 (6th Cir. 1984). In Kahle, this Court held that an order disqualifying counsel who will be called as a witness at trial is not an order subject to interlocutory appeal.
 
 
 5
 Applying the rationale of Kahle and the cases upon which it was based, it is hereby ORDERED that the appeal herein be and hereby is dismissed.