In re ESM GOVERNMENT
SECURITIES, INC.,
Debtor.

SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

ESM GROUP, INC., et al., Defendants.

No. 85–6190–Civ.

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

Oct. 23, 1986.

Phillip G. Newcomm, Shutts & Bowen, Miami, Fla., for plaintiff.

Timothy J. Morris, Weil, Gotshal & Manges, Miami, Fla., for defendants.

### ORDER ON CITY OF BEAUMONT, TEXAS' MOTION TO DISQUALIFY COUNSEL

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the City of Beaumont, Texas' Motion to Disqualify the law firm of Weil, Gotshal & Manges from representing defendants, Fidata Corporation, Fidata Trust Company New York and Fidata Securities Management, Inc. (Fidata) in litigation involving E.S.M. Government Securities, Inc. and its affiliates (E.S.M.).

The City of Beaumont, Texas (Beaumont) is a creditor of the bankruptcy estate of E.S.M. Beaumonts' interests as such creditor are represented by Thomas Tew, bankruptcy trustee for the estate of E.S.M. The trustee has an action pending against Fidata arising out of Fidata's relationship with E.S.M. *Tew v. Fidata Trust Company New York,* Bankruptcy Case No. 85–6254–Civ–Gonzalez (Chapter 7), Adversary Proceeding No. 85–6865–Civ–Gonzalez. The law firm of Shutts & Bowen is counsel of record for Beaumont in the bankruptcy proceedings, as well as in other E.S.M. related litigation. Weil, Cotshal & Manges presently represents Fidata in the defense of Tew's action against Fidata.

Valerie Jahn was associated with Shutts & Bowen as a bankruptcy attorney from May 13, 1985, until May 9, 1986. On May 27, 1986, Ms. Jahn commenced work with Weil, Gotshal & Manges. On or about June 20, 1986, Weil, Gotschal & Manges entered its appearance for Fidata in *Tew v. Fidata Trust Company New York.* Beaumont seeks the disqualification of Fidata's counsel herein, Weil, Gotshal & Manges, because of Ms. Jahn's prior association with Shutts & Bowen, Beaumont's attorneys in the bankruptcy and other E.S.M. matters.

██ Canon 4 of the Model Code of Professional responsibility precludes a lawyer from accepting employment representing interests adverse to those of a prior client. *United States v. Kitchin,* 592 F.2d 900, 904 (5th Cir.1979) *cert. denied,* 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979). This rule ensures that confidential matters received while representing a client are not inadvertently disclosed. *Id.*

██ The test for determining whether disqualification of an attorney is warranted is whether "the matters embraced within the pending suit are substantially related to the matters or the cause of action in which the attorney represented the opposing party." *Banque de Rive, S.A. v. Highland Beach Development Corp.,* 758 F.2d 559, 561 (11th Cir.1985). The moving party has the burden of proving that the present and prior representations are substantially related. *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 646 F.2d 1020 (5th Cir.1981) *cert. denied,* 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981). Once a matter is shown to be substantially related to a prior representation by counsel, it is irrebuttably presumed "that relevant confidential information was disclosed during the former period of representation." *Id.* at 1028.

■ There is no doubt that the representation at issue in this motion is substantially related. Shutts & Bowen and Weil, Gotshal & Manges represent opposing parties *in the same litigation. Cf. Hull v. Celanese Corporation,* 513 F.2d 568 (2d Cir.1975) (plaintiffs' attorneys disqualified after defense attorney in sex-discrimination case sought to intervene as a plaintiff).

While at Shutts & Bowen, Ms. Jahn recorded approximately sixty billable hours of work involving the representation of Beaumont. Ms. Jahn participated in defining the basic strategy Beaumont would follow in its action against Fidata, including determining whether to proceed in a bankruptcy proceeding or in a direct action. With regard to the bankruptcy proceeding, Ms. Jahn researched various theories and participated in several brainstorming sessions concerning which of several theories Beaumont could pursue against Fidata.

Given the nature of Ms. Jahn's prior work on behalf of Beaumont, the Court concludes that she must be disqualified from representing Fidata. Since Ms. Jahn is prohibited from representing Fidata, the entire firm of Weil, Gotshal & Manges must be disqualified as well. There is a presumption of "interplay among lawyers who practice together," and the disqualification of an individual attorney requires disqualification of the entire firm. *Kitchin,* 592 F.2d at 904. Model Code of Professional Responsibility DR 5–105(D) (1981).

Fidata argues that Ms. Jahn has been screened from all matters relating to E.S.M. and Fidata since she began working at Weil, Gotshal & Manges. The Court is satisfied that Weil, Gotshal & Manges has acted in good faith. The Court also recognizes Fidata's interest in retaining its counsel of choice. Disqualification in this case is, nevertheless, necessary. The likelihood of public suspicion arising from Ms. Jahn's prior and current employment outweighs the private interest of affording Fidata its counsel of choice. *See Kitchin,* 592 F.2d at 904.

Public confidence in the integrity of our judicial system is essential to the continued vitality of our democratic institutions. Our courts and their officers must not only avoid impropriety, but indeed even the slightest appearance of impropriety. Public confidence in the legal system must necessarily be undermined when a lawyer who has worked on a case suddenly appears as counsel of record on the opposite side of the same case, asserting a position adverse to the interests of his former client. The rule that no one can serve two masters is as viable today as it was in Biblical times. Matthew 6:24.

■ A firm of lawyers may not accept employment representing interests adverse to the interests of any former client of any lawyer in that firm where the matters embraced within the pending engagement are substantially related to matters in which the attorney formerly represented the opposing party. This is true regardless of the size of the firm, how many separate offices it may maintain, or the number of jurisdictions in which the firm or its members may practice.

ORDERED AND ADJUDGED that Beaumont's Motion to Disqualify Weil, Gotshal & Manges is GRANTED. The cause will stand abated for 20 days so as to permit Fidata the opportunity to secure new counsel.