**In re Petition for Mandamus by Everett MECHEM, Petitioner.**

No. 88–6355.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 20, 1989.

Decided July 25, 1989.

Everett H. Mechem, Kingsport, Tenn., pro se.

Before MARTIN and RYAN, Circuit Judges, and POTTER, District Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

John Doe,[1] the petitioner in this case, seeks a writ of mandamus directing the district court to vacate its order of October 3, 1988, disqualifying Everett Mechem, his trial counsel in the civil rights action pending below. The district court responded in opposition. For the reasons stated below, the petition is denied.

On September 6, 1986, petitioner was arrested and charged with burglary. Doe broke into a store where he stole several comic books, pens and a calculator. He was arrested when he returned to the store less than an hour after the break-in. The missing property was discovered in his possession. Doe signed a confession after waiver of his rights. On September 7, 1986, Doe was placed in the Sullivan County Jail.

Everett Mechem was appointed counsel for Doe by the court for the criminal charges on September 9, 1986. Following a plea bargain, the charges were reduced and Doe pled guilty to misdemeanor charges. On September 11, 1986, Doe was sentenced to 11 months and 29 days of confinement, half of which was to be served on probation. Doe returned to the Sullivan County Jail where he was apparently incarcerated in a general holding cell. There he was allegedly harassed, assaulted and raped.

On September 22, 1987, Doe filed a section 1983 civil rights action in federal district court against Sullivan County, County Sheriff Mike Gardner, the superintendent of the jail, and various other deputy sheriffs and jail administrators. An amended complaint was filed on September 14, 1987. Doe alleged that the named defendants were responsible for the harassment, assault and rape suffered by Doe in jail. He complained that his apparent youth, slight stature and mental disability made him especially vulnerable to inmate assault and that the Sullivan County sheriffs and jailors were aware of this. Doe also alleged that the jail was overcrowded, poorly lit and that the jail personnel manning it were not properly trained in security and in the classification of prisoners. These conditions also allegedly contributed to Doe's victimization.

Trial in this case was scheduled for September 28, 1988. On September 17, 1988, Sullivan County moved to disqualify Doe's counsel, Everett Mechem because it wished to call him as a witness knowing that Mechem had represented Doe during the prior

---

* The Honorable John W. Potter, United States District Judge for the Northern District of Ohio, sitting by designation.

1. When this case was filed and following a request by the plaintiff, the district court granted him the use of the pseudonym "John Doe."

criminal proceedings. The district court entered an order granting the motion on October 3, 1988. A subsequent motion to reconsider was denied on October 28, 1988. Doe now seeks a writ of mandamus directing the district court to vacate its order entered October 3, 1988.

The Supreme Court has not specifically addressed the question of mandamus challenges to disqualification orders, nor has this court ever addressed this issue.[2] Several recent Supreme Court cases regarding the use of interlocutory appeal to review disqualification orders as well as the extraordinary nature of mandamus lead us to conclude, however, that the writ is not the proper vehicle for voicing such challenges.

In *Allied Chemical Corp. v. Daiflon Inc.*, 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (per curiam), the Supreme Court considered a petition for writ of mandamus directing a federal district court to restore a jury verdict. The district court had granted a motion for new trial following the verdict after the court concluded that it had erred in a number of its evidentiary rulings. *Id.* at 33, 101 S.Ct. at 188. The Court found that "[a]n order granting a new trial is interlocutory in nature and therefore not immediately appealable." *Id.* at 34, 101 S.Ct. at 190. Consequently, the Court saw the question presented in the case as "whether a litigant may obtain a review of an order concededly not appealable by way of mandamus." *Id.* That is, may a party obtain review of an order through mandamus when review could not be obtained through interlocutory appeal.

In the present case, Doe does not concede that an order disqualifying counsel is not immediately appealable. The Supreme Court, however, has forbidden interlocutory appeals of orders disqualifying counsel in civil cases. In *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985), the Supreme Court considered whether a district court order disqualifying counsel in a civil case was a "final decision" granting jurisdiction to the courts of appeals under 28 U.S.C. § 1291. The Court concluded that "[a]n order dis-

qualifying counsel in a civil case is not a final judgment on the merits of the litigation." *Id.* at 430, 105 S.Ct. at 2761. The Court also held that orders disqualifying counsel in civil cases do not come within the "collateral order" exception to the final judgment rule of section 1291 announced by the Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Court in *Koller* also found that "[a]bsent a requirement of prejudice, the propriety of the trial court's disqualification order can be reviewed as effectively on appeal of a final judgment as on an interlocutory appeal." *Koller*, 472 U.S. at 438, 105 S.Ct. at 2765. The Court noted that it had "never held that prejudice is a prerequisite to reversal of a judgment following erroneous disqualification of counsel in either criminal or civil cases." *Id.* Because "the disqualification ruling may be challenged on appeal of a final judgment" *id.* at 435, 105 S.Ct. at 2763, the right affected by the ruling need not be protected by appeal prior to judgment.

In reaching this conclusion, the Court in *Koller* relied in part on two prior decisions, *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) and *Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). In *Firestone* the Court held that a district court order denying a motion to disqualify counsel was not subject to immediate appeal under the "collateral order" exception to section 1291. *Firestone*, 449 U.S. at 377, 101 S.Ct. at 675 ("An order refusing to disqualify counsel plainly falls within the large class of orders that are indeed reviewable on appeal after final judgment, and not within the much smaller class of those that are not."). Similarly, in *Flanagan* the Court held that a district court's order disqualifying defense counsel in a criminal case is not subject to immediate appeal under the "collateral order" exception. This decision was due in part to a longstanding policy against piecemeal appellate litigation, especially in the context of criminal prosecution. *Flanagan*, 465 U.S. at 264–65, 104 S.Ct. at 1054.

**2.** The First Circuit has decided this issue, *In re Bushkin Associates Inc.*, 864 F.2d 241 (1st Cir. 1989), and our analysis has greatly benefitted from that court's opinion.

*Koller, Firestone* and *Flanagan* do not of themselves constitute a bar to mandamus challenges to disqualification orders. These cases do, however, indicate the importance of immediate appeal of such orders. This in turn is relevant as to the propriety of mandamus in this context.

Although this court "clearly has the power to issue a writ pursuant to the All Writs Statute, 28 U.S.C. § 1651," *In re Bendectin Products Liability*, 749 F.2d 300, 303 (6th Cir.1984) (citations omitted), mandamus remains a drastic remedy "to be invoked only in extraordinary situations." *Kerr v. United States District Court for the Northern District of California*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976) (citing *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967)). To insure that the writ of mandamus is issued only in such extraordinary circumstances, the party seeking the writ must satisfy two conditions. First, the party seeking the writ must "have no other adequate means to attain the relief he desires." *Allied Chemical Corp.*, 449 U.S. at 35, 101 S.Ct. at 190 (citing *Kerr*, 426 U.S. at 403, 96 S.Ct. at 2124; *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943)). Second, the petitioner must "satisfy 'the burden of showing that [his] right to issuance of the writ is "clear and indisputable." ' " *Id.* (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384, 74 S.Ct. 145, 98 L.Ed. 106 (1953), quoting *United States v. Duell*, 172 U.S. 576, 582, 19 S.Ct. 286, 287, 43 L.Ed. 559 (1899)). *See also In re Post–Newsweek Stations, Michigan Inc.*, 722 F.2d 325, 329 (6th Cir. 1983).

Doe fails to satisfy both of these conditions in the present case. First, he cannot show that he has no adequate means, other than mandamus, of attaining the relief he desires. Orders disqualifying counsel "may be challenged on appeal of a final judgment." *Koller*, 472 U.S. at 435, 105 S.Ct. at 2763. It may be true that "[a] mistaken ruling disqualifying counsel imposes financial hardship on both the disqualified lawyer and the client." *Id.* at 436, 105 S.Ct. at 2764. That an erroneous

ruling may impose additional cost does not, however, satisfy the high standard required for mandamus. *Cf. Koller* at 436, 105 S.Ct. at 2764 (additional litigation expense caused by disqualification insufficient to set aside finality requirement of 28 U.S.C. § 1291). A disqualification order may impose some burden on the party affected, but it "will rarely, if ever represent a final rejection of a claim of fundamental right that cannot effectively be reviewed following judgment on the merits." *Firestone*, 449 U.S. at 377, 101 S.Ct. at 675.

Second, Doe cannot show that he has a "clear and indisputable right" to issuance of the writ. Before the Supreme Court decided *Koller*, a panel of this court held in *Kahle v. Oppenheimer & Co. Inc.*, 748 F.2d 337 (6th Cir.1984) that an order disqualifying counsel does not fall into the "collateral order" exception to 28 U.S.C. § 1291. The court held that "[d]isqualified counsel may not bring an immediate appeal when the trial court has determined that an attorney should testify and submit to cross-examination." *Id.* at 339.

Precisely the same situation in *Kahle* confronts us in the present case. The district court found that if Everett Mechem were called as a witness, his testimony "could prejudice the plaintiff's case." In its October 3, 1988 order, the court found that it would be competent rebuttal evidence for the defendants "to inquire of Mr. Mechem as to why Mr. Mechem recommended that the plaintiff enter a guilty plea to a misdemeanor offense which would result in four months incarceration if it was in fact obvious that the plaintiff would be in danger if he was placed in the general population of the jail; and to inquire as to why Mr. Mechem saw no need to follow up on the arrangements made for his client by the jail if it was in fact obvious that he would not be safe in the general population of the jail."

It bears remembering that "[t]he decision whether to disqualify an attorney ordinarily turns on the peculiar factual situation then at hand ..." *Firestone*, 449 U.S. at 377, 101 S.Ct. at 675. Findings of fact regarding the disqualification of counsel are reviewed under a standard of clearly erroneous. *Melamed v. ITT Continental*

*Baking Co.,* 592 F.2d 290, 292 (6th Cir. 1979). Doe argues, and we agree, that a decision for disqualification does not necessarily require an evidentiary hearing, but that a court's factual inquiry must be "conducted on affidavits and documents that would be acceptable under Rule 56(e) ..." *General Mill Supply Co. v. SCA Services, Inc.,* 697 F.2d 704, 710 (6th Cir.1982). Although the record is void of any such minimal factual inquiry, this does not concern this court's decision regarding mandamus. In order for the district court's disqualification order to withstand review on appeal following final judgment, such a factual inquiry would have to be present.

To grant mandamus in a case such as Doe's "indisputably undermines the policy against piecemeal appellate review." *Allied Chemical Corp.,* 449 U.S. at 36, 101 S.Ct. at 191. Because "[m]andamus may not be used as a substitute for appeal," *City of Cleveland v. Krupansky,* 619 F.2d 572, 575 (6th Cir.), *cert. denied,* 449 U.S. 834, 101 S.Ct. 106, 66 L.Ed.2d 40 (1980) (citation omitted), the petition for writ of mandamus is denied.